## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH and COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-01878-ADA |

## DEFENDANT GOVERNOR ABBOTT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Greg Abbott, in his official capacity as Governor of Texas, hereby files this answer to Plaintiffs' Complaint (ECF 1).

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Governor Abbott denies each and every allegation contained in Plaintiffs' Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and Governor Abbott does not admit any matter contained therein.

### I.     INTRODUCTION

Governor Abbott admits that he has designated the Council on American-Islamic Relations (CAIR) as a Foreign Terrorist Organization and a Transnational Criminal Organization. Governor Abbott denies the remaining allegations in the Introduction of the Complaint.

## II.     PARTIES

1.     Governor Abbott admits that CAIR Dallas Fort Worth (CAIR DFW) is a Plaintiff. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

2.     Governor Abbott admits that CAIR Austin is a Plaintiff. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

3.     Admit.

4.     Admit.

## III.     JURISDICTION AND VENUE

5.     Governor Abbott admits that Plaintiffs purport to assert claims pursuant to 28 U.S.C. §§ 1331 and 2201 but deny that any such claims are valid or legally cognizable.

6.     Admit.

7.     Deny.

8.     Deny.

## IV.     STATEMENT OF FACTS

9.     Governor Abbott denies that CAIR is merely a "civil rights and advocacy organization." Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

10.     Governor Abbott denies that CAIR was "founded in 1994" given its relationship to the preexisting organizations of Hamas and the Muslim Brotherhood. Governor Abbott admits that entities bearing the title Council on American-Islamic Relations are registered as 501(c)(3)

nonprofit organizations. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

11.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

12.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

13.     Deny.

14.     Deny.

15.     Deny.

16.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

17.     Governor Abbott admits that CAIR has "strongly criticized U.S. support" for Israel. Governor Abbott denies the remaining allegations in this paragraph.

18.     Deny.

19.     Deny.

20.     Governor Abbott admits that CAIR has sued Texas officials several times. Governor Abbott denies that those suits have been "successful[]." Governor Abbott denies the remaining allegations in this paragraph.

21.     Governor Abbott admits that attorneys from CAIR filed suit in *Students for Justice in Palestine, at the University of Houston v. Abbott*, No. 1:24-cv-523-RP (W.D. Tex.). Governor Abbott denies that the relevant Executive Order—which related to addressing acts of antisemitism in institutions of higher education—directed punishment for the mere "criticism of Israel." Governor Abbott denies the remaining allegations in this paragraph.

22.     Governor Abbott admits that attorneys from CAIR filed suit in *A&R Engineering and Testing, Inc. v. City of Houston*, No. 4:21-cv-03577 (S.D. Tex.). Governor Abbott denies that CAIR "won an injunction" in that litigation since the injunction was vacated on appeal because the district court lacked jurisdiction to enter it. *See A&R Engineering and Testing, Inc. v. Scott*, 72 F.4th 685, 689 (5th Cir. 2023). Governor Abbott denies the remaining allegations in this paragraph.

23.     Governor Abbott admits that attorneys from CAIR filed suit in *Amawi v. Pflugerville Independent School District*, No. 1:18-cv-01091-RP (W.D. Tex.). Governor Abbott denies that CAIR "won an injunction" since the injunction was vacated on appeal due to mootness, *Amawi v. Paxton*, 956 F.3d 816, 821-22 (5th Cir. 2020), and the Fifth Circuit subsequently concluded that the plaintiffs' "fleeting success" did not even qualify them as "prevailing parties" for purposes of attorneys' fees, *Amawi v. Paxton*, 48 F.4th 412, 415 (5th Cir. 2022). Governor Abbott denies the remaining allegations in this paragraph.

24.     Governor Abbott denies that his "administration targets American Muslims living in Texas." Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

25.     Admit.

26.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

27.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

28.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

29.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

30.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

31.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. Governor Abbott also denies that a federal appellate court ruled that it was improper to designate CAIR as an unindicted coconspirator in a criminal conspiracy to fund Hamas. The Court held only that the federal government's declaration should have been filed under seal, and it declined to expunge any of the coconspirators' names. *See United States v. Holy Land Foundation for Relief & Development*, 624 F.3d 685, 691-94 (5th Cir. 2010).

32.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

33.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

34.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

35.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

36.     This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

37.     This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

38.     This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

39.     Governor Abbott admits that he did not give any CAIR employee or agent advanced notice of the Governor's proclamation. But Governor Abott denies that CAIR has been afforded no opportunity to defend itself against the publicly available facts spanning decades and recited in the Governor's Proclamation, as evidenced by numerous publications from CAIR purporting to "debunk" such facts.

40.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

41.     Deny.

6

42.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

43.     Deny.

44.     Deny.

## V.    CAUSES OF ACTION

**Count I: Preemption, Against Defendant Paxton**

45.     Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

46.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

47.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

48.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

49.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

50.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

51.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

52.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, Governor Abbott admits that he is "not the U.S. Secretary of State." The remainder of this paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

53.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, Governor

Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

54.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

55.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

56.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. Governor Abbott denies any remaining allegations in this paragraph.

57.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

58.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs are entitled to injunctive relief.

**Count II: Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, Against Defendant Paxton**

59.     Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

60.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

61.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

62.     This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

63.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

64.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, Governor Abbott denies that "Freeman Miller" is the Public Safety Director, and denies that he consulted with "Chief A. Gerald Brown of the Texas Homeland Security Division," but admits he consulted with the Director of Texas Department of Public Safety and the Homeland Security Council. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself, and Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation or the law.

65.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. The remainder of this paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

66.    This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this

paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. The remainder of this paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

67. This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

68. This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. The remainder of this paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

69. This paragraph applies to a claim brought only against Attorney General Paxton, thus no response is required from Governor Abbott. To the extent a response is required, this paragraph contains Plaintiffs' legal conclusions, which also do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs are entitled to injunctive relief.

**Count III: First Amendment – Freedom of Speech, Against Defendant Abbott**

70.    Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

71.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

72.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

73.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

74.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

75.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

76.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

77.    This paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

78.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

79.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

80.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

81.    Governor Abbott denies that CAIR is a "mainstream civil rights organization." Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

82.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

83.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. The remainder of this paragraph

14

contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

84.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count IV: First Amendment – Freedom of Association, Against Defendant Abbott**

85.    Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

86.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

87.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

88.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

89.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

90.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

91.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

92.     Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

93.     This paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

94.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

95.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

96.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

97.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count V: First Amendment – Retaliation, Against Defendant Abbott**

98.     Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

99.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

100.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

101.     This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

102.     Governor Abbott admits that he has taken steps to eliminate antisemitism in institutions of higher education and that he supports the people of Israel. The remainder of this paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself, and

Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation or the law.

103.    This paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself, and Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation or the law.

104.    This paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself, and Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation or the law.

105.    This paragraph contains Plaintiffs' characterizations of the Proclamation, which speaks for itself, and Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation or the law.

106.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies the allegations in this paragraph.

107.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies the allegations in this paragraph.

108.    This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to injunctive relief.

## VI.    PRAYER FOR RELIEF

109.    Governor Abbott denies that Plaintiffs are entitled to any of the relief requested herein.

**GOVERNOR ABBOTT'S AFFIRMATIVE AND OTHER DEFENSES**

Governor Abbott hereby asserts the following affirmative and other defenses to which he may be entitled:

1.      The Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Complaint.

2.      Plaintiffs lack standing to assert all claims in their Complaint.

3.      Plaintiffs have failed to state a claim upon which relief can be granted.

4.      Plaintiffs lack a cause of action to sue Governor Abbott.

5.      Plaintiffs' claims present non-justiciable political questions.

6.      Plaintiffs fail to join an indispensable party.

7.      Governor Abbott asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

8.      Pursuant to 42 U.S.C. § 1988(b), Governor Abbott will be entitled to recover his attorney's fees if he is the prevailing party.

9.      Governor Abbott reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

**PRAYER**

Governor Abbott prays that:

1.      Plaintiffs' claims be dismissed.

2.      Plaintiffs take nothing by this action; and

3.      Governor Abbott recovers all costs, including attorney's fees, and such other and further relief to which he is entitled.

Dated: December 22, 2025                    Respectfully submitted,

                                            /s/ Trevor W. Ezell
                                            TREVOR W. EZELL
                                            *General Counsel*
                                            Tex. State Bar No. 24109849
                                            OFFICER OF THE GOVERNOR OF TEXAS
                                            P.O. Box 12428
                                            Austin, TX 78711
                                            Tel: (512) 463-3329
                                            Fax: (512) 463-1932
                                            trevor.ezell@gov.texas.gov

                                            Charles J. Cooper*
                                            John D. Ramer*
                                            Bradley L. Larson*
                                            COOPER & KIRK, PLLC
                                            1523 New Hampshire Avenue, N.W.
                                            Washington, D.C. 20036
                                            Tel: (202) 220-9600
                                            Fax: (202) 220-9601
                                            ccooper@cooperkirk.com
                                            jramer@cooperkirk.com
                                            blarson@cooperkirk.com

                                            *PHV pending*

                                            **Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas**

**Certificate of Service**

On December 22, 2025, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

<u>/s/ *Trevor W. Ezell*</u>
TREVOR W. EZELL