UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>*Defendants*. | No. 1:25-cv-01878-ADA |

## **DEFENDANT GOVERNOR ABBOTT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Greg Abbott, in his official capacity as Governor of Texas, hereby files this answer to Plaintiffs' First Amended Complaint (ECF No. 26).

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Governor Abbott denies each and every allegation contained in Plaintiffs' First Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' First Amended Complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and Governor Abbott does not admit any matter contained therein.

## I. INTRODUCTION

Governor Abbott admits that he has designated the Council on American-Islamic Relations (CAIR) as a Foreign Terrorist Organization, a Transnational Criminal Organization, and a proscribed entity. This paragraph also contains Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. Governor Abbott denies the remaining allegations in the Introduction of the Complaint.

## II. PARTIES[1]

1. Governor Abbott admits that CAIR Dallas Fort Worth (CAIR DFW) is a Plaintiff. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

2. Governor Abbott admits that CAIR Austin is a Plaintiff. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

3. Governor Abbott admits that CAIR Texas is a Plaintiff. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

4. Admit.

---

[1] Plaintiffs' First Amended Complaint concedes that the Governor's Proclamation was "directed at CAIR as a whole," not just local chapters. *See* First Amended Compl. ¶ 26. It also asserts purported injuries on behalf of CAIR National, *id.* ¶¶ 10, 24–25, 28–31, 34–35, and points to the conduct of CAIR National in an attempt to absolve CAIR's Texas affiliates, *id.* ¶¶ 11, 14–17, 19–22. Because the First Amended Complaint, in fact, presses arguments on behalf of CAIR National, Governor Abbott therefore denies the implicit suggestion of the "PARTIES" section that only some Texas affiliates are parties-plaintiff. *See id.* ¶ 38 (calling this "CAIR's anticipated lawsuit").

5. Admit.

### III. JURISDICTION AND VENUE

6. Governor Abbott admits that Plaintiffs purport to assert claims pursuant to 28 U.S.C. §§ 1331 and 2201 but deny that any such claims are valid or legally cognizable.

7. Admit.

8. Deny.

9. Deny.

### IV. STATEMENT OF FACTS

10. Governor Abbott denies that CAIR is merely a "civil rights and advocacy organization." Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

11. Governor Abbott denies that CAIR was "founded in 1994" given its relationship to the preexisting organizations of Hamas and the Muslim Brotherhood. Governor Abbott admits that entities bearing the title Council on American-Islamic Relations are registered as 501(c)(3) nonprofit organizations. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

12. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

13. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

14. Deny.

15. Deny.

16. Deny.

17. Governor Abbott denies that CAIR has "consistently and publicly condemned terrorism." CAIR's Executive Director, Nihad Awad, said he "was happy to see" the attacks against civilians perpetrated on October 7, 2023. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

18. Governor Abbott admits that CAIR has "strongly criticized U.S. support" for Israel. Governor Abbott denies the remaining allegations in this paragraph.

19. Governor Abbott admits that CAIR has sued Texas officials several times. Governor Abbott denies that those suits have been "successful[]." Governor Abbott denies the remaining allegations in this paragraph.

20. Governor Abbott admits that attorneys from CAIR filed suit in *Students for Justice in Palestine, at the University of Houston v. Abbott*, No. 1:24-cv-523-RP (W.D. Tex.). Governor Abbott denies that the relevant Executive Order—which related to addressing acts of antisemitism in institutions of higher education—directed punishment for the mere "criticism of Israel." Governor Abbott denies the remaining allegations in this paragraph.

21. Governor Abbott admits that attorneys from CAIR filed suit in *A&R Engineering and Testing, Inc. v. City of Houston*, No. 4:21-cv-03577 (S.D. Tex.). Governor Abbott denies that CAIR "obtained an injunction" in that litigation since the injunction was vacated on appeal because the district court lacked jurisdiction to enter it. *See A&R Engineering & Testing, Inc. v. Scott*, 72 F.4th 685, 689 (5th Cir. 2023). Governor Abbott denies the remaining allegations in this paragraph.

22. Governor Abbott admits that attorneys from CAIR filed suit in *Amawi v. Pflugerville Independent School District*, No. 1:18-cv-01091-RP (W.D. Tex.). Governor Abbott denies that CAIR "obtained an injunction" since the injunction was vacated on appeal due to

4

mootness, *Amawi v. Paxton*, 956 F.3d 816, 821-22 (5th Cir. 2020), and the Fifth Circuit subsequently concluded that the plaintiffs' "fleeting success" did not even qualify them as "prevailing parties" for purposes of attorneys' fees, *Amawi v. Paxton*, 48 F.4th 412, 415 (5th Cir. 2022). Governor Abbott denies the remaining allegations in this paragraph.

23. Governor Abbott denies that his "administration targets American Muslims living in Texas." Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

24. Admit.

25. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

26. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

27. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. To the extent that any further response is required, Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

28. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

29. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

30. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

31. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

32. This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

33. This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

34. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

35. Governor Abbott admits that he did not give any CAIR employee or agent advanced notice of the Governor's proclamation. But Governor Abott denies that CAIR has been afforded no opportunity to defend itself against the publicly available facts spanning decades and recited in the Governor's Proclamation, as evidenced by numerous publications from CAIR purporting to "debunk" such facts.

36. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

37. This paragraph consists of Plaintiffs' characterization of the Governor's press release, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the press release.

38. This paragraph consists of Plaintiffs' characterization of the Governor's post on X (formerly Twitter), which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the post.

39. Admit.

40. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Colonel Freeman Martin and a press release concerning the letter, which speak for themselves. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the letter or press release.

41. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Colonel Freeman Martin, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the letter.

42. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Treasury Secretary Scott Bessent, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the letter.

43. This paragraph consists of Plaintiffs' characterization of a statement distributed by Texans for Greg Abbott through the Texas State Public Affairs Network, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

44. This paragraph consists of Plaintiffs' characterization of a statement distributed by Texans for Greg Abbott through the Texas State Public Affairs Network, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

45. This paragraph consists of Plaintiffs' characterization of a statement distributed by Texans for Greg Abbott through the Texas State Public Affairs Network, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

46. This paragraph consists of Plaintiffs' characterization of a statement the Governor made in an interview with Fox News Digital, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

47. This paragraph consists of Plaintiffs' characterization of a statement the Governor made in an interview with Fox News Digital, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

48. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. To the extent that an additional response is required, the Governor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them

49. Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

50. Deny.

51. Deny.

## V.     Causes of Action

**Count I: Preemption, Against Defendants Abbott and Paxton**

52. Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

53. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

54. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

55. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

56. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

57. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

58. Governor Abbott admits that he is not the U.S. Secretary of State. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

59. The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. The remaining allegations in the paragraph contain Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

60. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

61. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count II: Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, Against Defendants Abbott and Paxton**

62. Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

63. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

64. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

65. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

66. Governor Abbott admits that he did not give any CAIR employee or agent advanced notice of the Governor's proclamation. But Governor Abott denies that CAIR has been afforded no opportunity to defend itself against the publicly available facts spanning decades and recited in the Governor's Proclamation, as evidenced by numerous publications from CAIR purporting to "debunk" such facts.

67. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

68. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

69. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

70. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count III: First Amendment – Freedom of Speech, Against Defendant Abbott**

71. Governor Abbott incorporates his answers to all preceding paragraphs as if fully set forth herein.

11

72. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

73. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

74. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. To the extent that any further response is still required, Governor Abbott lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

75. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

76. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law. To the extent that any further response is still required, Governor Abbott denies that the Proclamation was "trigger[ed]" by protected expression.

77. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

78. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

79. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

80. Deny.

81. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

82. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Governor Abbott denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

83. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Governor Abbott denies Plaintiffs are entitled to declaratory or injunctive relief.

### VI. Prayer for Relief

84. Governor Abbott denies that Plaintiffs are entitled to any of the relief requested herein.

### GOVERNOR ABBOTT'S AFFIRMATIVE AND OTHER DEFENSES

Governor Abbott hereby asserts the following affirmative and other defenses to which he may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Complaint.

2. Plaintiffs lack standing to assert all claims in their Complaint.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

4. Plaintiffs lack a cause of action to sue Governor Abbott.

5. Plaintiffs' claims present non-justiciable political questions.

6. Plaintiffs fail to join an indispensable party.

7. Governor Abbott asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

8. Pursuant to 42 U.S.C. § 1988(b), Governor Abbott will be entitled to recover his attorney's fees if he is the prevailing party.

9. Governor Abbott reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

## **PRAYER**

Governor Abbott prays that:

1. Plaintiffs' claims be dismissed.

2. Plaintiffs take nothing by this action; and

3. Governor Abbott recovers all costs, including attorney's fees, and such other and further relief to which he is entitled.

Dated: January 16, 2026

Respectfully submitted,

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
OFFICE OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

# CERTIFICATE OF SERVICE

On January 16, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper