| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, <br><br> *Plaintiffs*, <br><br> v. <br><br> GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas, <br><br> *Defendants*. | No. 1:25-cv-01878-ADA |

**DEFENDANT ATTORNEY GENERAL KEN PAXTON'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Ken Paxton, in his official capacity as Attorney General of Texas, hereby files this answer to Plaintiffs' First Amended Complaint (ECF 26).

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Attorney General Paxton denies each and every allegation contained in Plaintiffs' First Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' First Amended Complaint. Titles that are reproduced in this Answer are included for organizational purposes only, and Governor Abbott does not admit any matter contained therein.

## I. INTRODUCTION

Attorney General Paxton admits that Governor Abbott in a Proclamation dated November 18, 2025, designated the Council on American-Islamic Relations (CAIR) as a Foreign Terrorist Organization and a Transnational Criminal Organization. This paragraph also contains Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. Attorney General Paxton denies the remaining allegations in the Introduction of the Complaint.

## II. PARTIES

1. Attorney General Paxton admits that CAIR Dallas Fort Worth (CAIR DFW) is a Plaintiff. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

2. Attorney General Paxton admits that CAIR Austin is a Plaintiff. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

3. Attorney General Paxton admits that CAIR Texas is a Plaintiff. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

4. Admit.

5. Admit.

## III. JURISDICTION AND VENUE

6. Attorney General Paxton admits that Plaintiffs purport to assert claims pursuant to 28 U.S.C. §§ 1331 and 2201 but deny that any such claims are valid or legally cognizable.

7. Admit.

8. Deny.

9. Deny.

#### IV. STATEMENT OF FACTS

10. Attorney General Paxton denies that CAIR is merely a "civil rights and advocacy organization." Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

11. On information and belief, Attorney General Paxton denies that CAIR was "founded in 1994" given its relationship to the preexisting organizations of Hamas and the Muslim Brotherhood. Attorney General Paxton admits that entities bearing the title Council on American-Islamic Relations are registered as 501(c)(3) nonprofit organizations. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

12. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

13. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

14. Deny.

15. Deny.

16. Deny.

17. Attorney General Paxton t lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

18. Attorney General Paxton admits that CAIR has "strongly criticized U.S. support" for Israel. Attorney General Paxton denies the remaining allegations in this paragraph.

19. Attorney General Paxton admits that CAIR has sued Texas officials several times. Attorney General Paxton denies that those suits have been "successful[]." Attorney General Paxton denies the remaining allegations in this paragraph.

20. Attorney General Paxton admits that attorneys for CAIR filed suit in *Students for Justice in Palestine, at the University of Houston v. Abbott*, No. 1:24-cv-523-RP (W.D. Tex.). Attorney General Paxton denies that the relevant Executive Order—which related to addressing acts of

antisemitism in institutions of higher education—directed punishment for the mere "criticism of Israel." Attorney General Paxton denies the remaining allegations in this paragraph.

21. Attorney General Paxton admits that attorneys for CAIR filed suit in *A&R Engineering and Testing, Inc. v. City of Houston*, No. 4:21-cv-03577 (S.D. Tex.). Attorney General Paxton denies that CAIR "obtained an injunction" in that litigation since the injunction was vacated on appeal because the district court lacked jurisdiction to enter it. *See A&R Engineering and Testing, Inc. v. Scott*, 72 F.4th 685, 689 (5th Cir. 2023). Attorney General Paxton denies the remaining allegations in this paragraph.

22. Attorney General Paxton admits that attorneys for CAIR filed suit in *Amawi v. Pflugerville Independent School District*, No. 1:18-cv-01091-RP (W.D. Tex.). Attorney General Paxton denies that CAIR "obtained an injunction" since the injunction was vacated on appeal due to mootness, *Amawi v. Paxton*, 956 F.3d 816, 821-22 (5th Cir. 2020), and the Fifth Circuit subsequently concluded that the plaintiffs' "fleeting success" did not qualify them as "prevailing parties" for purposes of attorneys' fees, *Amawi v. Paxton*, 48 F.4th 412, 415 (5th Cir. 2022). Attorney General Paxton denies the remaining allegations in this paragraph.

23. Attorney General Paxton denies that Governor Abbott's "administration targets American Muslims living in Texas." Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, therefore, denies them.

24. Admit.

25. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

26. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

4

27. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. To the extent that a further response is required, Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

28. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

29. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

30. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

31. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

32. This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

33. This paragraph contains Plaintiffs' characterization of a statute, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the statute.

34. This paragraph consists of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation.

35. Attorney General Paxton lacks knowledge as to whether Governor Abbott did or did not give any CAIR employee or agent advanced notice of the Governor's proclamation, and therefore denies the referenced allegation. But Attorney General Paxton denies that CAIR has been afforded no opportunity to defend itself against the publicly available facts recited in the Governor's Proclamation, as evidenced by numerous publications from CAIR purporting to "debunk" such facts.

36. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

37. This paragraph consists of Plaintiffs' characterization of the Governor's press release, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the press release.

38. This paragraph consists of Plaintiffs' characterization of the Governor's post on X (formerly Twitter), which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the post.

39. Admit

40. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Colonel Freeman Martin and a press release concerning the letter, which speak for themselves. Attorney General Paxton lacks knowledge of such alleged communications and therefore denies the same, and further denies Plaintiffs' characterizations to the extent they are inconsistent with the letter or press release.

41. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Colonel Freeman Martin, which speaks for itself. Attorney General Paxton lacks knowledge of such alleged communication and therefore denies the same and further denies Plaintiffs' characterizations to the extent they are inconsistent with the letter.

42. This paragraph consists of Plaintiffs' characterization of the Governor's letter to Treasury Secretary Scott Bessent, which speaks for itself. Attorney General Paxton lacks

knowledge of the alleged communication and therefore denies the same and further denies Plaintiffs' characterizations to the extent they are inconsistent with the letter.

43. This paragraph consists of Plaintiffs' characterization of the Governor's statement distributed through the Texas State Public Affairs Network, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

44. This paragraph consists of Plaintiffs' characterization of the Governor's statement distributed through the Texas State Public Affairs Network, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

45. This paragraph consists of Plaintiffs' characterization of the Governor's statement distributed through the Texas State Public Affairs Network, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

46. This paragraph consists of Plaintiffs' characterization of a statement the Governor made in an interview with Fox News Digital, which speaks for itself. Attorney General Paxton lacks knowledge of the alleged communication and therefore denies the same and further denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

47. This paragraph consists of Plaintiffs' characterization of a statement the Governor made in an interview with Fox News Digital, which speaks for itself. Attorney General Paxton lacks knowledge of the alleged communication and therefore denies the same and further denies Plaintiffs' characterizations to the extent they are inconsistent with the statement.

48. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law. To the extent that an additional response is required, Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them

49. Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

50. Deny.

51. Deny.

V. CAUSES OF ACTION

**Count I: Preemption, Against Defendants Abbott and Paxton**

52. Attorney General Paxton incorporates his answers to all preceding paragraphs as if fully set forth herein.

53. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

54. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

55. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

56. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

57. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

58. Attorney General Paxton admits that Governor Abbott is not the U.S. Secretary of State. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

59. The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the Governor's Proclamation, which speaks for itself. Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the Proclamation. The remaining allegations in the paragraph contain Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

60. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

61. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Attorney General Paxton denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count II: Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, Against Defendants Abbott and Paxton**

62. Attorney General Paxton incorporates his answers to all preceding paragraphs as if fully set forth herein.

63. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

64. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

65. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

66. Attorney General Paxton lacks knowledge as to whether Governor Abbott gave any CAIR employee or agent advanced notice of the Governor's proclamation, and therefore denies

the referenced allegation. But Attorney General Paxton denies that CAIR has been afforded no opportunity to defend itself against the publicly available facts recited in the Governor's Proclamation, as evidenced by numerous publications from CAIR purporting to "debunk" such facts.

67. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

68. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

69. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

70. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Attorney General Paxton denies Plaintiffs are entitled to declaratory or injunctive relief.

**Count III: First Amendment – Freedom of Speech, Against Defendant Abbott**

71. Attorney General Paxton incorporates his answers to all preceding paragraphs as if fully set forth herein.

72. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

73. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton t denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

74. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs'

characterizations to the extent they are inconsistent with the law. To the extent that any further response is still required, Attorney General Paxton lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies them.

75. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

76. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

77. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

78. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

79. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

80. Deny.

81. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

82. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is still required, Attorney General Paxton denies Plaintiffs' characterizations to the extent they are inconsistent with the law.

83. This paragraph contains Plaintiffs' legal conclusions, which do not require a response. To the extent a response is required, Attorney General Paxton denies Plaintiffs are entitled to declaratory or injunctive relief.

## VI. PRAYER FOR RELIEF

84. Attorney General Paxton denies that Plaintiffs are entitled to any of the relief requested herein.

## ATTORNEY GENERAL PAXTON'S AFFIRMATIVE AND OTHER DEFENSES

Attorney General Paxton hereby asserts the following affirmative and other defenses to which he may be entitled:

1. The Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Complaint.

2. Plaintiffs lack standing to assert all claims in their Complaint.

3. Plaintiffs have failed to state a claim upon which relief can be granted.

4. Plaintiffs lack a cause of action to sue Attorney General Paxton.

5. Plaintiffs' claims present non-justiciable political questions.

6. Plaintiffs fail to join an indispensable party.

7. Attorney General Paxton asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

8. Pursuant to 42 U.S.C. § 1988(b), Attorney General Paxton will be entitled to recover his attorney's fees if he is the prevailing party.

9. Attorney General Paxton reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

## PRAYER

Attorney General Paxton prays that:

1. Plaintiffs' claims be dismissed.

2. Plaintiffs take nothing by this action; and

3. Attorney General Paxton recovers all costs, including attorney's fees, and such other and further relief to which he is entitled.

| | |
|---|---|
| Date: January 16, 2026 | Respectfully submitted. |
| | |
| **KEN PAXTON** | /s/ *David Bryant* |
| Attorney General | **DAVID BRYANT** |
| | Senior Special Counsel |
| **BRENT WEBSTER** | Attorney-in-Charge |
| First Assistant Attorney General | Texas Bar No. 03281500 |
| | |
| **RALPH MOLINA** | **MUNERA AL-FUHAID** |
| Deputy First Assistant Attorney General | Special Counsel |
| | Texas Bar No. 24094501 |
| **RYAN D. WALTERS** | |
| Deputy Attorney General for Legal Strategy | **ALEXIA K. BAKER** |
| | Assistant Attorney General |
| | Tex. State Bar No. 24149596 |
| **RYAN G. KERCHER** | |
| Chief, Special Litigation Division | **Office of the Attorney General of Texas** |
| Texas Bar No. 24060998 | Special Litigation Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2100 |
| | david.bryant@oag.texas.gov |
| | munera.al-fuhaid@oag.texas.gov |
| | alexia.baker@oag.texas.gov |
| | |
| | **COUNSEL FOR THE STATE OF TEXAS** |

**CERTIFICATE OF SERVICE**

On January 16, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

                                              /s/ *David Bryant*
                                              David Bryant