IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, <br><br> *Plaintiffs,* <br><br> v. <br><br> GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY, <br><br> *Defendants.* | CASE NO. 1:25-CV-01878-ADA |

**PLAINTIFFS' OPPOSED MOTION FOR
ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Local Rule CV-26(c), Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW"), Council on American-Islamic Relations Austin Texas ("CAIR Austin"), and Council on American-Islamic Relations Texas ("CAIR Texas") (together "Plaintiffs") submit this motion for entry of a confidentiality and protective order ("Protective Order"), attached as Exhibit 1. Defendants do not oppose entry of the proposed Protective Order in full, but rather only oppose the use of the "Attorneys' Eyes Only" ("AEO") designation.

**FACTS AND PROCEDURAL HISTORY**

On January 22, 2026, Plaintiffs filed their motion for a preliminary injunction (ECF No. 30), challenging Defendants' authority to designate Plaintiffs as terrorist organizations and subject them to punishment under the Supremacy Clause and Due Process Clause. ECF No. 30. On January 29, Defendants served their requests for production relating to Plaintiffs' motion and topics approved by this Court during the Status Conference on January 7, 2026. *See* Transcript of Proceedings, ECF No. 27 at 28–30. Pursuant to this Court's Order, Plaintiffs must produce documents by February 13, 2026, and witnesses for 30(b)(6) depositions by March 6, 2026. ECF

1

No. 33. Plaintiffs respectfully request that this Court enter the attached Protective Order, Exhibit 1, which is in a form approved by the Local Rules of this District. *See* Local Rule CV-26(c) ("Upon motion by any party demonstrating good cause, the court may enter a protective order in the form set out in Appendix H-1, or, in more complex cases, in Appendix H-2, or any other appropriate form.").

## ARGUMENT

This Court has broad discretion to determine whether to grant a motion for a protective order. *Ansys, Inc. v. Doe*, No. W-24-cv-00363-ADA, 2025 U.S. Dist. LEXIS 92043, at *4 (W.D. Tex. Apr. 28, 2025) (Albright, J.). Good cause exists to grant Plaintiffs' motion. *See* Fed. R. Civ. P. 26(c) (explaining that court may enter protective order "for good cause"). This Court has granted limited discovery for purposes of responding to Plaintiffs' Motion for Preliminary Injunction. Defendants request documents and communications related to Plaintiffs' operations, governance, finances, fundraising, and business plans. Plaintiffs must therefore produce confidential, sensitive, and private information to respond to Defendants' discovery requests, including financial information and third-party contact information. The proposed Protective Order for such information is justified here to adequately protect information the Parties are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for the preliminary motion briefing and hearing.

As stated above, the Parties disagree about whether an AEO designation is appropriate in this case. Plaintiffs believe the AEO designation is necessary for a narrow scope of responsive documents—non-public financial data, including bank statements and internal budgets, and non-public contact information of third-party individuals, including donors. This information is unknown to the opposing parties and frequently protected by protective orders containing an AEO designation. *See* Exhibit 1 § 3(b); *Blades v. Martin Marietta Materials, Inc.*, No. 2:24-CV-00055, 2025 U.S. Dist. LEXIS 269062, at *11 (W.D. Tex. Nov. 4, 2025) (holding AEO designation adequately protected against disclosure of trade secrets such as customer identities); *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360, 2021 U.S. Dist. LEXIS 142249, at *17 (W.D. Tex.

July 30, 2021) (allowing AEO designation for contact information of alleged victims of employment harassment); *Amin-Akbari v. City of Austin*, No. A-13-CV-472, 2014 U.S. Dist. LEXIS 129119, at *11, n.4 (W.D. Tex. Sept. 16, 2014) (holding AEO designation provided a "vehicle to remedy" defendants' "privacy concerns regarding [people] identified" in police reports).

Plaintiffs and their donors face irreparable harm from disclosure of their identities to Defendants, who are government entities, because of the infringement on their privacy rights and the "unnecessary risk of chilling" their associational rights under the First Amendment. *See Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 616–17 (2021) (explaining the privacy risks and chilling effect on association caused by forced disclosure of non-public identifying data to state government entities, including data provided to IRS). Plaintiffs also have reasonable concerns that, without AEO protections, Defendants will likely use the information designated as AEO to infringe on third-party privacy and chill associational activity with Plaintiffs, mischaracterize Plaintiffs' legal arguments to the press, and generate negative publicity about Plaintiffs' relationships with other organizations and their donors.[1] *See* Greg Abbott (@GregAbbott_tx), X (Nov. 18, 2025, 7:55 PM), https://x.com/gregabbott_tx/status/1990962057546539107?s=46 ("The lawsuits will open the doors to all of their financial transactions and funding. . . . The Attorney General will have a heyday."); Greg Abbott (@GregabbottTX), *Governor Abbott Discusses CAIR on Glenn Beck*, YOUTUBE (Jan. 30, 2026), https://www.youtube.com/watch?v=BcNue8TEc1Q (describing Plaintiffs' amended pleadings as admissions of guilt by a third party); *Perez v. Bodega Latina Corp.*, 2021 U.S. Dist. LEXIS 142249, at *14–15 (holding party requesting entry of order with "attorneys' eyes only" designation "has the initial burden to describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact"). Allowing an AEO designation over a limited number of documents in this case does not preclude Defendants from participating in the lawsuit, as Defendants' personal knowledge regarding these documents

---

[1] Plaintiffs can also provide declarations to further support their claims of alleged harm, upon this Court's request.

3

does not assist Defendants' counsel here. *See Perez*, 2021 U.S. Dist. LEXIS 142239, at *12–14 (denying AEO designation for identities of alleged victims of employment harassment because plaintiff needed to participate in reviewing evidence to meet burden of establishing pretext).

Only a small portion of documents at issue require "Attorney's Eyes Only" designations—non-public financial data and non-public third-party contact identification data. Entry of the attached protective order will not prejudice Defendants—Plaintiffs have already produced documents to Defendants with the designations described in the proposed Protective Order, so as not to further delay the discovery schedule agreed to by the Parties. Defendants' counsel agreed to treat the documents designated as AEO in accordance with the proposed Protective Order until the Parties agree or this Court orders otherwise. Entry of the proposed Protective Order will aid the efficient flow of information between attorneys for the purposes of the litigation, and nothing more.

## CONCLUSION

All Parties agree that a protective order would be appropriate for this case, but they disagree on whether the protective order should allow AEO designations. Plaintiffs argue that an AEO designation is appropriate to protect Plaintiffs' non-public financial data and non-public third-party contact identification data. Plaintiffs are not using this instant motion to delay discovery in this case—they have already produced documents with the relevant confidentiality designations. For the foregoing reasons, Plaintiffs respectfully request that this Court enter the attached Protective Order in this case.

Date: February 19, 2026                              Respectfully submitted.

*/s/ Chelsea G. Glover*                              Lena F. Masri
Chelsea G. Glover                                    Bar No. P73461
Bar No. 24097738                                     Gadeir Abbas
Charles D. Swift                                     Bar No. 81161
Bar No. 24091964
Jinan Chehade                                        CAIR Legal Defense Fund
IL Bar No. 6345527                                   453 New Jersey Ave. SE
                                                     Washington, DC 20003
Muslim Legal Fund of America                         T: (202) 488-8787
100 N. Central Expy. Suite 1010                      lfmasri@cair.com
Richardson, Texas 75080                              gabbas@cair.com
Tel: (972) 914-2507; Fax (972) 692-7454
cglover@clcma.org
cswift@clcma.org
jinan.chehade@mlfa.org

*Counsel for Plaintiffs*

5

**CERTIFICATE OF CONFERENCE**

Plaintiffs reached out to confer with Defendants regarding the foregoing motion on Tuesday, February 10, 2026.  On Friday, February 13, 2026, and on Monday, February 16, 2026, counsel for Defendants opposed entry of the attached protective order to the extent it required an "Attorneys' Eyes Only" designation.  Plaintiffs explained that a very small number of produced documents would be subject to the AEO designation, and, as a show of good faith and to meet the demands of the Scheduling Order, counsel for Defendants agreed to treat the documents as AEO until this Court orders otherwise.

*/s/ Chelsea Glover*
Chelsea Glover
