**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:25-cv-01878-ADA |
| v. | ) ) | |
| GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**GOVERNOR ABBOTT'S OPPOSITION IN PART TO PLAINTIFFS'**
**MOTION FOR A PROTECTIVE ORDER**

Governor Abbott agrees with CAIR Texas, CAIR Austin, and CAIR DFW ("Plaintiffs") that a protective order is appropriate in this case. One provision of Plaintiffs' proposed Protective Order, however, is inappropriate for this kind of case: the Attorney's Eyes Only ("AEO") provision. *See* Pls.' Proposed Protective Order, ECF No. 34-1, § 2.a (Feb. 19, 2026) ("Pls. Protective Order"). Governor Abbott consents to this Court entering a Protective Order but objects to such order including an AEO provision. He thus proposes that the Court adopt the Protective Order attached to this brief in opposition, which is one of the two standard forms found in the appendix to this Court's local rules. *See* ECF No. 38-1.

**BACKGROUND**

On November 20, 2025, Plaintiffs filed their Complaint, which contends that Governor Abbott's proclamation designating CAIR as a Foreign Terrorist Organization and Transnational

1

Criminal Organization is preempted by federal law and violates the Free Speech Clause of the First Amendment and Due Process Clause of the Fourteenth Amendment. Plaintiffs then indicated that they would seek a preliminary injunction. This Court held a status conference on January 7, 2026, and granted Defendants discovery into the structure of the Plaintiff organizations to, among other things, assist in determining whether CAIR National is already a party to this dispute or must be added as an indispensable party. *See* Transcript of Proceedings at 28:12–30:6, ECF No. 27 (Jan. 16, 2026). On January 29, Defendants served their Requests for Production relating to Plaintiffs' preliminary-injunction motion, which was filed exactly one week earlier. Pls.' Opposed Mot. for Prelim. Inj., ECF No. 30 (Jan. 22, 2026). Plaintiffs produced some documents by the February 13, 2026, production deadline. *See* Scheduling Order, ECF No. 33 (Feb. 5, 2026). They also produced some additional documents on February 19, 2026. Governor Abbott believes there are still responsive, nonprivileged documents outstanding, and the parties are continuing to confer on the proper scope of the Requests for Production.

In addition to conferring about the proper scope of discovery, the parties have also conferred on the proper scope for a protective order in this case. On February 10, 2026, Plaintiffs proposed a Protective Order that is attached to their motion. *See* Pls. Protective Order. Defendants agreed that a protective order was necessary, but they objected to the inclusion of the AEO provision because discovery in this case will not involve material appropriate for an AEO designation. Plaintiffs maintained their position and filed their motion for a protective order as partially opposed. *See* Pls.' Opposed Mot. for Protective Order, ECF No. 34 (Feb. 19, 2026) ("Pls.' Mot. for Protective Order"). Governor Abbott now proposes an alternative protective order that is substantially similar, except for the fact that it does not include a process for designating documents to be AEO. *See* ECF No. 38-1.

**ARGUMENT**

A court may enter a protective order for "good cause." Fed. R. Civ. P. 26(c). To have an AEO provision included in a protective order, the proponent of that provision bears the burden to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact." *Perez v. Bodega Latina Corp.*, No. EP-19-CV-00360-DCG, 2021 WL 3272211, at *6 (W.D. Tex. July 30, 2021) (quoting *Penn, LLC v. Prosper Bus. Dev. Corp.*, No. 2:10-cv-0993, 2012 WL 5948363, at *4 (S.D. Ohio Nov. 28, 2012)). "[S]tereotyped and conclusory statements" about the risk of harm are insufficient. *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Only if there is no alternative way of adequately protecting the movant from the potential harm will an AEO designation be appropriate in a protective order. *See Hunzelman v. Perry's Rests. Ltd.*, No. 1:21-cv-01056-RP, 2023 WL 114064, at *2 (W.D. Tex. Jan. 4, 2023) (requiring a party to explain "why the designation as [C]onfidential will not adequately protect its" information).

The fact that discovery will involve financial documents is not sufficient to merit an AEO designation. For example, courts in the Fifth Circuit "generally do not require that" tax information "be restricted to review by counsel only." *Id.*; *Tingle v. Hebert*, No. 15-cv-626-JWD-EWD, 2017 WL 2335646, at *6 (M.D. La. May 30, 2017) (collecting cases from district courts within the Fifth Circuit); *see also Lewis v. Shafer Project Res., Inc.*, No. 2:19-cv-353, 2021 WL 2216626, at *2 (S.D. Tex. Jan. 22, 2021) (concluding that a "[C]onfidential" designation was sufficient to protect such documents). That is because most financial information is not harmful when released to the opposing party; such information causes harm only if it is released to the public at large. And a "Confidential" designation is sufficient to prohibit such release.

The documents that Plaintiffs describe in their motion are no different than tax returns or other financial documents. For example, "bank statements and internal budgets" involve the same type of material found in a tax return. Pls.' Mot. for Protective Order at 2. And so do the Schedule B forms appended to Plaintiffs' Form 990s, which contain the names of large donors. *See Tingle*, 2017 WL 2335646, at *6. Indeed, the Form 990s have already been submitted to the federal government.

Plaintiffs fail to demonstrate why a designation of "Confidential" will fail to adequately protect their privacy interests. The protective order proposed by Governor Abbott creates significant protection for "Confidential" information. Most importantly, it covers a broad variety of individuals. "[A]ctual or potential independent experts or consultants . . . are bound by the terms of th[e] Protective Order" upon receipt of any Confidential information. ECF No. 38 § 2.e. Likewise, individuals who are part of the Office of the Governor or Office of the Attorney General "are bound by the terms of th[e] Protective Order" proposed by Governor Abbott upon "receipt of Confidential" information. *Id.* § 2.b. These are robust protections, and Plaintiffs offer no reason they would be insufficient for this case. Plaintiffs point to a putative right of association under the First Amendment cutting in favor of an AEO designation, but they fail to explain why the rules for "Confidential" information would fail to protect any purported associational interests.

While Plaintiffs gesture at *Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 616–17 (2021), *see* Pls.' Mot. for Protective Order at 3, that case is nothing like this one. *AFP* involved a California law that (1) "indiscriminate[ly]" shifted the burden to all charities absent particularized suspicion (2) by requiring them to submit *ex ante* the names and addresses of their donors to the State (3) even though "California was unable to ensure the confidentiality of" that information and (4) even though that information was "not used to initiate investigations" into

charitable entities fraud. *AFP*, 594 U.S. at 604, 612–14. In other words, *AFP* rejected only a particular method or "regime" of disclosure—*i.e.*, an across-the-board, "up-front collection" that rested solely on "administrative convenience." *Id.* at 614, 618. It did *not* reject disclosure of donor information *simpliciter*—and it certainly did not limit targeted discovery that seeks records from plaintiffs who initiated the underlying legal proceedings, all subject to a protective order safeguarding "Confidential" information.

The other cases Plaintiffs rely on for the proposition that they are entitled to an AEO provision are inapposite. Discovery in *Blades v. Martin Marietta Materials, Inc.*, involved the identities of customers that could be poached by the opposing party if revealed. No. 2:24-CV-00055, 2025 WL 3780659, at *4 (W.D. Tex. Nov. 4, 2025). In other words, that was a classic trade-secrets case where the mere knowledge by the opposing party would have harmed the movant. In *Perez*, both parties agreed to allow the victims of sexual harassment to turn over their contact information under an AEO designation. 2021 WL 3272211, at *6–7. The fact that the Court entered an agreed-upon AEO designation there does nothing to help Plaintiffs in their contested motion. Finally, *Amin-Akbari v. City of Austin* provided no reasoning at all for its conclusion that the Plaintiff could designate some materials AEO. *See* No. A-13-CV-472-DAE, 2014 WL 4657491, at *4 n.4 (W.D. Tex. Sep. 16, 2014). Indeed, all Plaintiffs point to is a footnote that reads "[i]f Defendants have privacy concerns regarding the officers, witnesses, victims and alleged perpetrators identified in the reports, they already have a vehicle to remedy that, in that they may produce the reports subject to the Protective Order, identified as 'attorneys' eyes only.'" *Id.* The footnote contained no legal analysis or citation to authority.

Instead of showing why an AEO designation is necessary, Plaintiffs make the kind of broad and unsupported allegations that are insufficient to obtain an AEO designation. Plaintiffs claim

that they "have reasonable concerns that, without AEO protections, Defendants will likely use the information designated as AEO to infringe on third-party privacy and chill associational activity with Plaintiffs, mischaracterize Plaintiffs' legal arguments to the press, and generate negative publicity about Plaintiffs' relationships with other organizations and their donors." Pls.' Mot. for Protective Order at 3. These allegations are wholly unfounded.

Any implication that Governor Abbott or his office would violate a protective order by disseminating Confidential information to the public is absurd. The only "evidence" that Plaintiffs offer is a post on X (formerly Twitter) from the Governor stating that discovery will turn up misdeeds by the Plaintiffs. *Id*. Of course the Governor thinks that discovery will turn up misdeeds; he issued a Proclamation that CAIR is a foreign terrorist organization and transnational criminal organization. And he is confident those designations under state law will ultimately be vindicated in court. But nothing in his X post implies that he would improperly disclose information classified as Confidential under a protective order. Plaintiffs also argue that Governor Abbott has "mischaracterize[d] Plaintiffs' legal arguments to the press" and that this somehow indicates that he cannot be trusted to maintain confidentiality. Pls.' Mot. for Protective Order at 3. That is nonsense. In the statement they reference, Governor Abbott discusses how Plaintiffs voluntarily removed factual contentions previously made to this Court—namely, that Plaintiffs "operate in full compliance with all federal, state, and local laws," are not "affiliates of any foreign organization," "do not engage in terrorist activity or terrorism," and do "not threaten the security of U.S. nationals nor the national security of the United States." Compl. ¶¶ 18, 19, 55, 56, ECF No. 1 (Nov. 20, 2025). Both the original complaint and amended complaint are publicly available documents. The Governor's decision to highlight that Plaintiffs publicly abandoned their claim not to be terrorists in no way indicates that he would ignore a protective order.

An AEO designation is not only unnecessary, it would also hamper Defendants' undisputed right to muster a defense in this case that Plaintiffs brought. *See, e.g.*, *Owen v. United States*, No. A-07-CA-612, 2009 WL 106699161, at *2 (W.D. Tex. Jan. 16, 2009) ("Defendant is entitled to present a defense and is entitled to discovery to permit it to develop one.") (citing FED. R. CIV. P. 26(b)(1)). Defendants are entitled to discover the evidence necessary to defend against Plaintiffs' allegations by showing that CAIR has sponsored, supported, or engaged in terrorist activities or is otherwise connected to or affiliated with terrorists. Defendants will be unable to conduct their inquiry if they cannot utilize members of Defendants' offices outside of the legal staff in this case, which the proposed AEO designation would prohibit by excluding Defendants' "current employees, officers, members, or agents" from the definition of "experts or consultants" and not providing an alternative way to utilize them. Pls. Protective Order § 2.a. Without the ability to use non-lawyer members of their offices, Defendants will be hamstrung in determining whether CAIR is connected with terrorist activities, tracing potential donations to or from foreign countries or foreign terrorist organizations, or engaging in other basic investigatory work that is material to their defenses. Plaintiffs chose to bring this lawsuit. They cannot now decide that the parties they sued have no right to view documents vital to their defense.

Plaintiffs assert that Defendants will not be prejudiced because "Plaintiffs have already produced documents to Defendants with the designations described in the proposed Protective Order." Pls.' Mot. for Protective Order at 4. That is only partially true, as the documents they produced contain material redactions. And more importantly, the fact that Defendants were willing to temporarily keep documents under an AEO designation until this Court can rule on the issue does not mean that such a designation is appropriate for this litigation.

**CONCLUSION**

Governor Abbott agrees that a protective order is appropriate for this case. But he cannot agree that Plaintiffs are entitled to an AEO designation which would provide no benefit while hamstringing the Governor's entitlement to muster a defense in this case. This Court should enter the protective order attached to the Governor's opposition brief, which materially identical to Plaintiffs' proposed protective order but without the ability to designate documents as AEO.


Dated: February 26, 2026

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
Caleb Gunnels
Assistant General Counsel
Tex. State Bar No. 24109959
Jason Bramow
Assistant General Counsel
Tex. State Bar No. 24101545
OFFICER OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

8

## CERTIFICATE OF SERVICE

On February 26, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper