**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS,<br><br>*Plaintiffs,*<br>v.<br><br>GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY,<br><br>*Defendants.* | CASE NO. 1:25-CV-01878-ADA |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Local Rule CV-26(c) and Local Rule CV-7(e), Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW"), Council on American-Islamic Relations Austin Texas ("CAIR Austin"), and Council on American-Islamic Relations Texas ("CAIR Texas") (together "Plaintiffs") submit this Reply in Support of Their Motion for Entry of a Confidentiality and Protective Order ("Protective Order"), Docs. 34, 34-1.

**ARGUMENT**

Plaintiffs articulate good cause sufficient to support their arguments for a protective order with an AEO designation in this case. Plaintiffs do not seek the designation solely because "discovery will involve financial documents." Opposition, Doc. 39 at p. 3. Rather, Defendants seek discovery regarding non-public financial and personal identification information unknown to Defendants, which is precisely the information protected by Plaintiffs' proposed Protective Order. *See* Doc. 34-1 § 3(b) (stating that the AEO-designated information must be "unknown to the opposing party or parties, or any of the employees of a corporate party" and "includes, but is not limited to . . . non-public financial information, pricing information, customer identification data,

1

and certain study methodologies"). Defendants are top Texas officials sued in their official capacities, not their individual capacities, and a "Confidential" designation would allow sensitive personal and financial information to be disclosed to "officers or employees of the party who are actively involved in the prosecution or defense of this case." Doc. 39-1, § 2(b). Defendants' proposed protective order gives Plaintiffs no ability to limit the number of Defendants' officers and employees who they claim are actively involved in this case. Considering that Defendants are publicly accusing Plaintiffs of illegal activity and targeting those who associate with either Plaintiffs or CAIR National, Plaintiffs face the threat of severe and irreparable harm should this information be shared with Defendants and their staff beyond the attorneys retained in this lawsuit. *See* Motion, Doc. 34 at p. 3; *see also State of Texas v. Muslim Brotherhood, et al.*, 471-00734-2026 (Tex. Dist. Ct.—Collin Cnty. Feb. 5, 2026) (lawsuit brought by Defendant Paxton against Plaintiffs, CAIR National, and the Muslim Brotherhood accusing Plaintiffs of being the Muslim Brotherhood and supporting terrorism); Office of the Texas Governor, *Governor Abbott Calls on CFISD to Sever Ties with CAIR-Sponsored Islamic Games* (Jan. 21, 2026), https://gov.texas.gov/news/post/governor-abbott-calls-on-cfisd-to-sever-ties-with-cair-sponsored-islamic-games (showing Governor Abbott forcing a school district to cease associating with a CAIR affiliate upon learning of their alleged relationship).

With respect to Plaintiff's tax returns, Plaintiffs cannot and do not designate most of their IRS Form 990s "Confidential" under the Protective Order because they are required to make such forms available for public review. *See* Doc. 34-1 § 3(d)(i) ("Classified Information shall not include information that is . . . in the public domain at the time of disclosure."); *see, e.g.*, Nonprofit Explorer, PROPUBLICA (updated Feb. 25, 2026), https://projects.propublica.org/nonprofits/ (allowing members of the public to "[b]rowse millions of annual returns filed by tax-exempt organizations," including Plaintiffs). However, Plaintiffs are not required to publicly disclose information in Schedule B, which identifies donors who contribute at least $5,000 to a non-profit organization and contains personal data such as addresses. *See generally id.* (redacting information contained in Schedule B as "Restricted"). This donor information must be subject to an AEO

designation here, where Defendants are state officials whose actions threaten and infringe upon Plaintiffs' and their donors' First Amendment rights of association. *See Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615 (2021) (acknowledging "the seriousness of the actual burden that the [State's] demand for Schedule Bs imposes on donors' association rights"). While Defendants attempt to distinguish *Bonta* as inapplicable to the privacy concerns addressed in Plaintiffs' motion, the *Bonta* Court directly addressed the burden to donors arising from <u>*any*</u> disclosure to the State of personal information relating to their associations with non-profit organizations. *See id.* at 616 ("Our cases have said that disclosure requirements can chill association even if there is no disclosure to the general public. . . . [T]he disclosure of their identities to the State . . . creates an unnecessary risk of chilling in violation of the First Amendment.") (citations omitted). An AEO designation for donor-related information here, where Defendants are state actors, sufficiently protects donors' First Amendment rights while allowing Defendants' counsel to make any arguments necessary to defend their clients.

This case differs from Defendants' cited cases requiring production of tax returns under a "Confidential" designation. No party seeks damages in this case, and in any event, Plaintiffs' tax returns demonstrating their net worth are publicly available. Plaintiffs are unlike the parties compelled to produce returns in Defendants' cited cases, who tried to protect the financial information contained in their tax returns from disclosure to parties seeking damages or disputing hours worked. *See, e.g.*, *Hunzelman v. Perry Rests., Ltd.*, No. 1:21-cv-01056, 2023 U.S. Dist. LEXIS 1607, at *1–2 (W.D. Tex. Jan. 4, 2023) (allowing plaintiff in FLSA case to view tax returns to participate in settlement negotiations and trial strategy for damages); *Tingle v. Hebert*, No. 15-cv-626, 2017 U.S. Dist. LEXIS 82036, at *9 (M.D. La. May 26, 2017) (allowing plaintiff in employment discrimination case to view financial information in tax returns to support claim for damages); *Lewis v. Shafer Project Res., Inc.*, No. 2:19-cv-353, 2021 U.S. Dist. LEXIS 104877, at *4 (S.D. Tex. Jan. 22, 2021) (allowing defendant to view financial information in plaintiff's tax returns in FLSA to challenge his claim of hours worked). Although the court in *Tingle* noted that courts in the Fifth Circuit do not appear to require AEO designations on productions of tax returns,

3

the court cited cases holding that the *financial information* contained in those returns was adequately protected by a "Confidential" designation. *See Tingle*, 2017 U.S. Dist. LEXIS 82036, at *34 (citing cases where defendants were required to produce financial statements and tax returns subject to a "Confidential" designation). Defendants cite no case addressing whether the personal identification contained in Schedule B or any other financial transaction statements is adequately protected by a "Confidential" designation. *See id.* at *35–36 (allowing defendant to redact information in tax return related to his wife, a nonparty to the case). Plaintiffs' cited cases in their Motion support their arguments that AEO designations are held to adequately protect against disclosure of sensitive personal information of parties unrelated to this case. *See* Doc. 34 at pp. 2–3. In contrast, Defendants appear to only cite cases suggesting that purely financial information related to a party's net worth can be produced subject to a "Confidential" designation. Doc. 39 at p. 3.

Defendants' claims that their defense will be hampered by an AEO designation lack merit. *Id.* at p. 7. Plaintiffs' First Amended Complaint contains three causes of action for violations of the U.S. Constitution's Supremacy and Due Process Clauses and First Amendment retaliation, two of which involve purely legal questions that do not depend on any information currently designated AEO. Doc. 26 ¶ 52–83. At this stage, discovery is limited to the issues in Plaintiffs' Motion for a Preliminary Injunction, which is limited to the Supremacy and Due Process Clause claims, and Defendants' Rule 19 arguments that CAIR National is a necessary party. *See* Transcript of Status Conference, Doc. 27, at 28:18-24. Plaintiffs do not bring a defamation claim, so "proving" the substance of Governor Abbott's allegations in his November 18, 2025 Proclamation will not constitute a defense to Plaintiffs' claims, which challenge Defendants' constitutional authority to declare Plaintiffs to be foreign terrorist organizations and penalize them accordingly. Doc. 26 ¶ 52–83. Moreover, Defendants are state entities that do not possess the ability to determine whether a party is a foreign terrorist organization—the federal government maintains and preserves those databases. *See* Plaintiffs' Motion for Preliminary Injunction, Doc. 30 at pp. 9–11. Additionally, the AEO designation allows disclosure to "actual or potential independent experts or consultants";

Defendants' counsel does not need to rely on Defendants' employees to support their claims with respect to the small number of documents designated AEO. Doc. 34-1 § 2(a)(ii). In fact, Defendants' counsel currently possesses sufficient information to determine whether Plaintiffs are connected to foreign entities, let alone foreign terrorist entities. Despite Defendants' protestations, Plaintiffs have only redacted a limited amount of sensitive identifying or proprietary information completely immaterial to Defendants' claims, such as third-party street addresses and bank account numbers. Plaintiffs control their complaint and are entitled to bring the limited claims they wish to assert.[1] Defendants cannot use the narrow allegations in the present lawsuit to blow open the door for the State to access Plaintiffs' sensitive third-party and financial transaction information, claiming the authority to designate entities they do not possess.

## CONCLUSION

A protective order permitting AEO designations is the most appropriate protective order for this case, as it protects Plaintiffs' sensitive, non-public data produced in discovery. Plaintiffs' preferred protective order allows Defendants to challenge the applicability of specific AEO designations, but Defendants' preferred protective order risks irreparable First Amendment harm by disclosing sensitive information to the State. For the foregoing reasons, Plaintiffs respectfully request that this Court enter the Protective Order attached to Plaintiffs' Motion, Doc. 34-1.

---

[1] Defendants repeat Governor Abbott's preposterous claim that Plaintiffs "publicly abandoned their claim not to be terrorists." Doc. 39 at p. 6. Plaintiffs have done nothing of the sort and continue to publicly disavow any allegations of associating with terrorism. *See Dispelling Lies About CAIR*, CAIRTX.ORG (accessed March 5, 2026), https://www.cairtx.org/about-us/dispelling-rumors-about-cair.

| | |
|---|---|
| Date: March 5, 2026 | Respectfully submitted. |
| | |
| */s/ Chelsea G. Glover* | Lena F. Masri |
| Chelsea G. Glover | Bar No. P73461 |
| Bar No. 24097738 | Gadeir Abbas |
| Charles D. Swift | Bar No. 81161 |
| Bar No. 24091964 | |
| Jinan Chehade | CAIR Legal Defense Fund |
| IL Bar No. 6345527 | 453 New Jersey Ave. SE |
| | Washington, DC 20003 |
| Muslim Legal Fund of America | T: (202) 488-8787 |
| 100 N. Central Expy. Suite 1010 | lfmasri@cair.com |
| Richardson, Texas 75080 | gabbas@cair.com |
| Tel: (972) 914-2507; Fax (972) 692-7454 | |
| cglover@clcma.org | |
| cswift@clcma.org | |
| jinan.chehade@mlfa.org | |

***Counsel for Plaintiffs***