**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:25-cv-01878-ADA |
| v. | ) ) ) | **PUBLIC REDACTED VERSION** |
| GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas, | ) ) ) ) ) ) | |
| *Defendants*. | ) | |

**GOVERNOR ABBOTT'S MOTION TO STAY DEADLINE FOR THE MARCH 20
PRELIMINARY INJUNCTION OPPOSITION BRIEF PENDING RESOLUTION OF HIS
<u>MOTION TO COMPEL DISCOVERY FROM CAIR NATIONAL</u>**

████████████████████████████████████████████████ the named plaintiffs
are litigating this case as proxies for their master, CAIR National, which is refusing to produce its
documents in discovery. From the very first status conference, the parties have disputed whether
CAIR National is subject to discovery. Plaintiffs have asserted that CAIR National is not subject
to discovery because CAIR National is not a named plaintiff. But as the Governor explained then,
"discovery requests to the plaintiffs here would extend to CAIR National" because "CAIR
National is here," and Plaintiffs "are litigating on behalf of CAIR National." Transcript of Jan. 7,
2026, Proceedings at 20:8-11, ECF No. 27 (Jan. 16, 2026) ("Hrg. Tr.").

████████████████████████████████████████████████████

████████████████████████████████████████████████████

1

█████████████████████████████████████████████████████

████████████████████████████████████████████ The Governor

has therefore asked this Court by separate email to compel discovery into CAIR National.

The Governor now files this stay motion to ensure he is not forced to litigate a preliminary injunction without obtaining the discovery to which he is entitled for his defense. At the January status conference, the Court already recognized that Defendants are entitled to preliminary discovery regarding Plaintiffs' "financial documents," documents regarding the "structure of the organization" of Plaintiffs, *id.* at 35:13-17, and documents that the Governor "believe[s] would show that . . . CAIR is in fact an entity that is" a "terrorist organization" and "transnational criminal organization," *see id.* at 26:16-27:1. However, Plaintiffs have resisted those efforts at every turn and prevented the Governor from obtaining this critical information from CAIR National. Further, due to Plaintiffs' dilatory tactics that have drawn out discovery—producing documents and making critical assertions of privilege just a week before three 30(b)(6) depositions—a stay is necessary to avoid prejudice to the Governor. The Court should stay the preliminary injunction deadlines until the Governor receives the discovery from CAIR National to which he is entitled.

## BACKGROUND

Plaintiffs CAIR Austin and CAIR DFW filed this lawsuit on November 20, 2025. *See* Compl., ECF No. 1 at 8-16. On December 22, the Governor and Attorney General timely filed their Answers. Governor's Answer, ECF No. 13; Att'y Gen's. Answer, ECF No. 12. On December 30, counsel for Plaintiffs notified Defendants that Plaintiffs intended to move for a preliminary injunction. Hrg. Tr. at 3:12-15. The next day, Plaintiffs served a proposed amended complaint via email. *Id.* at 3:24-4:11. The amended complaint added CAIR Texas as a Plaintiff, removed a host of factual allegations, and compressed the legal claims to: a preemption claim against both

Defendants, a Due Process claim against both Defendants, and a First Amendment retaliation claim against the Governor. *See* First Am. Compl., ECF No. 26 (Jan. 6, 2026).[1] Despite serving an amended complaint, Plaintiffs still did not file their motion for a preliminary injunction.

The Court held a status conference on January 7, 2026. At that status conference, Defendants explained the need for expedited discovery to adequately and fully defend against Plaintiffs' forthcoming preliminary injunction motion. Hrg. Tr. at 15:2-5, 16:10-18, 18:10-19:12. Defendants further explained the significance of CAIR National's role in the litigation—arguing that the Plaintiffs "are litigating on behalf of CAIR National" and, "[t]herefore, discovery requests to the plaintiffs here would extend to CAIR National." *Id.* at 20:8-11.[2] The Court allowed Defendants to seek "discovery that establishes whether or not all the entities that should be here" are present and discovery into "anything that [Defendants] can articulate that [they] believe would show . . . that CAIR is in fact an entity that is . . . [a] terrorist organization." *Id.* at 26:16-23. The Court then set a discovery schedule based on Plaintiffs' assertion that they would file their motion for a preliminary injunction "next week." *Id.* at 34:21-36:6.

More than two weeks later, Plaintiffs filed their preliminary injunction motion. *See* Pls.' Mot. for Prelim. Inj., ECF No. 30 (Jan. 22, 2026). The Court entered the parties' proposed discovery and briefing schedule. Scheduling Order, ECF No. 33 (Feb. 5, 2026). Because Plaintiffs failed to meet their February 13 production deadline, the parties jointly moved to amend the

---

[1] Among the allegations removed were assertions that Plaintiffs: are not "members, chapters, offshoots, or affiliates of any foreign organization," ECF No. 1 ¶ 19; "are domestic organizations that operate exclusively in the United States," *id.* ¶ 53; "do[] not threaten the security of U.S. nationals nor the national security of the United States," *id.* ¶ 56; and "compl[y] with all federal, state, and local laws," *id.* ¶ 18.

[2] Defendants also highlighted that, "to the extent [the Court] disagrees" that discovery extends to CAIR National, then CAIR National should be joined as an indispensable party. Hrg. Tr. at 20:12-15. The Governor preserves that argument.

schedule, which the Court granted. Am. Scheduling Order, ECF No. 38 (Feb. 26, 2026).

Over the following weeks, the parties continued to dispute whether Plaintiffs had satisfied their discovery obligations—especially with respect to Governor Abbott's Request for Production No. 10, which sought communications about this case between Plaintiffs and CAIR National. *See* CAIR Tex. Ex. 7 at 5, attached hereto as Exhibit A. After numerous meet and confers, Plaintiffs finally produced some documents responsive to this request on March 4 and served a privilege log. *See* CAIR Tex. Ex. 8, attached hereto as Exhibit B. Although Plaintiffs produced these documents weeks after the court-imposed deadline, Defendants still sought to keep the case on schedule by proceeding with the depositions of Plaintiffs' corporate designees while still reviewing the documents. Pursuant to the schedule, Defendants completed the depositions of Plaintiffs' corporate designees on Friday, March 13. ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ Notably, Plaintiffs have asserted attorney-client privilege over emails discussing "litigation strategy" that included CAIR National's co-founder and Executive Director, Nihad Awad; CAIR National's Chief Operating Officer, Thania Clevenger; and CAIR National's Deputy Director Edward Ahmed Mitchell—none of whom represent Plaintiffs in this case. *See* Ex. B at 2. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

 Mr. Awad is mentioned by name in the Proclamation—including for his statement that he was "'happy to see'" the October 7 attack by Hamas. Proclamation, ECF No. 1-2 at 3.

That same day, Mr. McCaw addressed a public letter to Governor Abbott. *See* CAIR Texas Ex. 14, attached hereto as Exhibit F. That letter—issued on CAIR National's letterhead signed by Mr. McCaw as Director of Government Affairs for CAIR National—stated: "*We* have successfully sued you three different times," and "*we* are ready to do so again[.]" *Id.* at 2 (emphasis added).[3]

CAIR National continued to emphasize its role in this litigation even after the complaint was filed. On December 3, Mr. Mitchell sent a letter to Treasury Secretary Bessent regarding CAIR National's tax status. CAIR Texas Ex. 15, attached hereto as Exhibit G. In the letter—issued on CAIR National's letterhead and signed by Mr. Mitchell as CAIR National's Deputy Director—Mr. Mitchell stated that "*we* are suing Governor Abbott for a fourth time to block any implementation

---

[3] This appears to reference the three lawsuits mentioned in the Original Complaint. ECF No. 1 ¶¶ 21-23. None of the named Plaintiffs in this case were plaintiffs in those lawsuits.

of his unconstitutional proclamation targeting CAIR-Texas[.]" *Id.* at 1 (emphasis added). █



Ex. A at 2 (asserting that "Plaintiffs do not possess . . . CAIR National's corporate bylaws or other National governance documents").

CAIR National is litigating this case, and Plaintiffs have possession, custody, or control of CAIR National's documents. *See LiiON, LLC v. Vertiv Grp. Corp.*, No. 1:19-CV-666-RP, 2019 WL 13136760, at *3 (W.D. Tex. July 30, 2019) (subsidiary had control of the parent company's documents for purposes of discovery because of "intermingling of resources, management, and involvement"). The Governor is entitled to discovery into CAIR National to defend himself from the lawsuit CAIR National is masterminding.

The Governor now moves to stay the March 20 deadline to file his brief in opposition to Plaintiffs' motion for a preliminary injunction pending resolution of the Governor's motion to compel discovery from CAIR National. Plaintiffs' dilatory tactics, improper assertions of privilege, and ███████████████████████████████████ all warrant a stay to allow the Governor's requested discovery into CAIR National. The Governor conferred with all counsel:

7

the Attorney General supports this motion, and Plaintiffs oppose.

**LEGAL STANDARD**

The Court may modify a schedule "for good cause." FED. R. CIV. P. 16(b)(4). Further, this "Court has inherent authority to manage its docket to ensure 'the orderly and expeditious disposition of cases' pending before it." *Rosanky v. Nationwide Assurance Co.*, No. 6:24-cv-00264-ADA-JCM, 2025 WL 657965, at *4 (Jan. 23, 2025) (Albright, J.) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995)). The discretionary decision requires "'weigh[ing] competing interests and maintain[ing] an even balance,'" considering "among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. Apr. 7, 2021) (Albright, J.) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

**ARGUMENT**

The Court should stay Governor Abbott's deadline to respond to Plaintiffs' preliminary injunction motion until the Governor receives the requested discovery from CAIR National.

**1. Plaintiffs should not be permitted to benefit from their dilatory tactics.**

From the beginning, Plaintiffs have steadfastly maintained that CAIR National has nothing to do with this lawsuit. ████████████████████████████████ ████████████████████████████████ it is unlikely that a stay would have been necessary. Instead, Plaintiffs waited until one week before the depositions of their corporate representatives to produce a privilege log, which failed to identify who was giving Plaintiffs putatively privileged legal advice. It then took Plaintiffs another two days to identify the attorneys and clients on the communications to enable Defendants to properly assess the assertions of

attorney-client privilege. That privilege log, ████████████████████████████ ████████████████████████████████ provides conclusive proof they are litigating this case on behalf of CAIR National, their parent organization. *Supra*, at 4–8. A brief stay requiring Plaintiffs to comply with their discovery obligations will not prejudice Plaintiffs.

### 2. The Governor's requested discovery is critical to his defense.

The Court should not allow Plaintiffs' evasive discovery tactics to prejudice the Governor's ability to fully and adequately respond to the motion for a preliminary injunction. Plaintiffs have moved for a preliminary injunction on their Due Process claim. To determine what process is constitutionally required, Supreme Court precedent "requires consideration of," among other factors, "'the Government's interest.'" *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 355 (1976)). As Defendants explained at the hearing, "the governor's position is that the plaintiffs here are connected to terrorist organizations and engage and facilitate terrorist activity," which is "about as compelling as a government interest can get." Hrg. Tr. at 18:10-19:12; *see Holder v. Humanitarian Law Project*, 561 U.S. 1, 28 (2010) ("Everyone agrees that the Government's interest in combating terrorism is an urgent objective of the highest order."). The Governor thus sought discovery to support this argument regarding the government's interest here.

Plaintiffs also seek a preliminary injunction based on their preemption claim, largely relying on *Crosby v. National Foreign Trade Council*, 530 U.S. 363 (2000). In *Crosby*, the Supreme Court held that a state law sanctioning the country of Burma was preempted by a federal statute that delegated complete "discretion" to the President to determine whether to lift economic sanctions on Burma (or impose greater ones). *Id.* at 375. The parallel state-level sanctions reduced the President's negotiating "leverage" against Burma, so they conflicted with the federal scheme.

*Id.* at 375-76. To assess *Crosby*'s application to this case, Defendants must understand precisely *what* the Plaintiff organizations are and *with whom* they are affiliated. Under *Crosby*'s analysis, if the entity targeted by the State is not covered by a federal regime that confers discretion and negotiating "leverage" on the President, then *Crosby*'s preemption analysis does not apply. To know whether the application of Texas law to CAIR's tangled network of affiliates, partners, and subsidiaries is preempted, Governor Abbott is entitled to take discovery into CAIR National to understand the nature of CAIR's structure and foreign contacts.

**3. Judicial economy warrants a stay.**

This case is still in its early stages, and the Governor is entitled to discovery into CAIR National to defend against the claims in Plaintiffs' preliminary injunction motion. That discovery is critical to ensuring the Governor can develop his defenses and provide the Court with a sufficient record. Plaintiffs completed their document production on March 4; the Governor concluded his depositions of Plaintiffs' corporate representatives on March 13. ████████████████████ ████████████████████████████████████████████ ████████████████████████████ The Governor has moved as swiftly as possible to file this motion to seek a stay before his briefing deadline on March 20. Staying that deadline to allow for sufficient discovery, besides preventing Plaintiffs from benefiting from their efforts to run out the clock and prevent the Governor from obtaining the discovery to which he is entitled, may help ensure this Court is not later presented with supplemental briefs retreading the same ground.

**CONCLUSION**

For these reasons, the Court should stay the preliminary-injunction deadlines pending resolution of Governor Abbott's motion to compel discovery into CAIR National.

Dated: March 16, 2026

Respectfully submitted,

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
Caleb Gunnels
Deputy General Counsel
Tex. State Bar No. 24109959
Jason Bramow
Deputy General Counsel
Tex. State Bar No. 24101545
OFFICER OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

**CERTIFICATE OF SERVICE**

On March 16, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper