**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | |
| *Plaintiffs,* | CASE NO. 1:25-CV-01878-ADA |
| V. | |
| GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY, | |
| *Defendants.* | |

### PLAINTIFFS' OPPOSITION TO
### DEFENDANT ABBOTT'S MOTION TO STAY BRIEFING DEADLINES

Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW"), Council on American-Islamic Relations Austin Texas ("CAIR Austin"), and Council on American-Islamic Relations Texas ("CAIR Texas") (together "Plaintiffs") continue to face irreparable harm arising from Defendant Abbott's Proclamation accusing them of being foreign criminal organizations. *See* ECF No. 30 at pp. 8–10, 14; *see also* Ex. A, Motion for Temporary Restraining Order, *State of Texas v. Muslim Brotherhood, et al.*, 471-00734-2026 (Tex. Dist. Ct.—Collin Cnty. Mar. 4, 2026) (seeking to prohibit Plaintiffs from "engaging in any activities within the State of Texas" in a state court lawsuit initiated after Plaintiffs filed their Motion for Preliminary Injunction in late January). Plaintiffs brought this lawsuit to protect their organizations from further harm caused by Defendants' unconstitutional acts. ECF Nos. 1, 26. Now, after obtaining voluminous records from Plaintiffs, Defendant wishes to further delay relief to Plaintiffs by claiming that he cannot defend himself without documents from CAIR National, despite pursuing enforcement actions against Plaintiffs without those documents. Defendant Abbott's claim that Plaintiffs are only litigating this case "as proxies for their master, CAIR National" is not

1

worthy of consideration by this Court. Defendant should not be permitted to further delay briefing on Plaintiffs' preliminary injunction motion in a futile attempt to prove Defendant's allegations in his Proclamation *after* enforcing those allegations against Plaintiffs. Plaintiffs respectfully request this Court hold the Parties to their briefing deadlines under the operative Scheduling Order, ECF No. 38, or, in the alternative, extend briefing deadlines a limited amount to allow the Parties to complete the recent discovery ordered by the Court.

<u>**FACTS AND PROCEDURAL HISTORY**</u>

On January 7, 2026, this Court permitted Defendants to obtain discovery "they need to prepare for both an argument to add one or more necessary parties and to defend against a not-yet-filed preliminary injunction." Transcript of Jan. 7, 2026 Status Conference ("Hrg. Tr."), ECF No. 27, at 28:18-24. On January 22, 2026, Plaintiffs filed their motion for a preliminary injunction, challenging Defendants' authority to designate Plaintiffs as terrorist organizations and subject them to punishment under the Supremacy Clause and Due Process Clause. Motion for Preliminary Injunction, ECF No. 30. On Thursday, January 29, Defendants served their requests for production of documents. Plaintiffs served their objections to Defendants' requests on Tuesday, February 10, and produced documents subject to those objections on February 13, pursuant to the terms of the Scheduling Order, ECF No. 33. Under the expedited schedule foreseen by this Court, Plaintiffs produced documents sufficient to show Plaintiffs' "financial and structure of the organization" on February 13, which they could reasonably produce in two weeks. *See* Hrg. Tr. 35:10-22 (explaining that "primarily financial documents" would be "all on computer" and therefore Plaintiffs could reasonably "get that information in two weeks"). Defendants also requested Plaintiffs' email communications without specifying any custodians or search terms, which required Plaintiffs' counsel to craft a reasonable search and hire a third-party vendor to locate responsive emails. Plaintiffs then produced responsive emails the following Monday, February 16.

The Parties conferred regarding the Requests Plaintiffs objected to on Monday, February 16. Rather than continue to delay resolution of their preliminary injunction motion, Plaintiffs

decided to produce documents responsive to Defendants' Requests on Thursday, February 19, despite objecting to the lack of relevance of those Requests to the scope of discovery set by this Court. *See* Hrg. Tr. 17:13-15 (Judge Albright explaining that he was "less likely to be generous in terms of we'd like to know something because at trial we might do X. That's farther down the road."). Plaintiffs agreed to extend the deadlines in the Scheduling Order by one week rather than two weeks to maintain the expedited briefing schedule for Plaintiffs' motion for preliminary injunction. ECF No. 37. Defendants served their Original Notices of Rule 30(b)(6) depositions to Plaintiffs on February 27.

The Parties continued to dispute whether certain requested documents were nonresponsive or withheld due to privilege. Defendant's Request for Production No. 10 requests all communications between CAIR National and Plaintiffs regarding this lawsuit. Ex. A to Def.'s Motion, ECF No. 43-2, p. 6. As all Parties are aware, Lena Masri and Gadeir Abbas represent Plaintiffs in this case, and Ms. Masri and Mr. Abbas are affiliated with CAIR Legal Defense Fund ("CAIR LDF"), which is a subsidiary of CAIR National. Ms. Masri is both a member of CAIR LDF and CAIR National General Counsel, while Mr. Abbas is employed by CAIR LDF, not CAIR National. At the first meet and confer, Defendant's counsel stated they were not seeking documents from CAIR LDF, so Plaintiffs did not produce documents within the attorneys' possession because they were nonresponsive. After obtaining clarification that Defendants wanted Plaintiffs to search emails possessed by CAIR LDF attorneys to respond to RFP No. 10, Plaintiffs' counsel again needed to hire a third-party vendor to search for responsive emails, which they received on March 3, 2026. Plaintiffs' counsel reviewed emails through the night to identify non-privileged responsive emails and prepare a privileged log for the privileged responsive emails, which Plaintiffs produced the following day on March 4. Defendants served their amended notices of deposition on March 9, 2026. The Parties completed depositions by Friday, March 13, the deadline set in the Amended Scheduling Order. ECF No. 38. Defendants moved to compel production of unspecified documents possessed by non-party CAIR National on Monday, March 16, and after Plaintiffs responded, this Court granted Defendants' motion to compel on Tuesday,

3

March 17. ECF No. 45.

While Plaintiffs were subjected to unilateral discovery requests, Defendant Paxton heeded Defendant Abbott's directive to use his office to enforce the Proclamation against Plaintiffs.[1] On February 5, 2026, after Plaintiffs filed their motion for a preliminary injunction prohibiting enforcement of the Proclamation against Plaintiffs, Defendant Paxton filed an original lawsuit against Plaintiffs, CAIR National, and the Muslim Brotherhood to prohibit Plaintiffs from operating in Texas. Ex. F, Petition, *State of Texas v. Muslim Brotherhood, et al.*, 471-00734-2026 (Tex. Dist. Ct.—Collin Cnty. Feb. 5, 2026). On March 4, Defendant Paxton moved for a temporary restraining order "to stop Defendants [including Plaintiffs in this case] from continuously and systematically engaging in terrorism and criminal and gang activity across Texas." Ex. A at p. 1. The Texas court held a hearing on Defendant Paxton's motion on Friday, March 13, 2026. Rather than immediately ruling on the motion, the judge took it under advisement and requested that the parties keep him informed of the federal court injunction proceedings, as those proceedings may have an impact on the State's requested injunction.

### Plaintiffs are Not Litigating on Behalf of CAIR National

While this Court granted Defendant's motion to compel documents possessed by CAIR National, Plaintiffs must object to Defendant's unsupported claims that Plaintiffs and their attorneys are litigating this case on behalf of CAIR National. Defendant Abbott issued his Proclamation on November 18, designating "CAIR" as a foreign terrorist organization and transnational criminal organization. ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

[1] Letter from Governor Greg Abbott to Attorney General Ken Paxton (Jan. 28, 2026), https://gov.texas.gov/uploads/files/press/Ken_Paxton_CAIR_Muslim_Brotherhood_Nonprofit_1.28.2026_CCOM_.pdf.

██████████████████████████████████████████████ By the time Plaintiffs filed their Complaint on November 20, CAIR National chose not to join the lawsuit and has since not directed or ordered the attorneys to take any action regarding this lawsuit. At most, CAIR National is updated on public filings in the litigation ████████████████████ ████████████████████████████████████████ Plaintiffs' privilege log identifies a small number of email chains after the initiation of the litigation where certain members of CAIR National are copied. *See* Ex. B to Def's. Motion, ECF No. 43-3, at pp. 3, 5. These emails do not establish that CAIR National is actively participating in *this* litigation. Plaintiffs can provide those communications to the Court for *in camera* review to demonstrate that CAIR National is not and has not been directing litigation strategy or legal decisions.

Mr. McCaw's and Mr. Mitchell's public letters using "we" to refer to CAIR LDF certainly do not establish that CAIR National is a plaintiff in this litigation. *See* Ex. F to Def.'s Motion, ECF No. 43-7, Ex. G to Def.'s Motion, ECF No. 43-8. As an advocacy organization with a legal arm, CAIR LDF, CAIR National routinely issues press releases regarding any litigation led by their attorneys. That applies to this litigation, where CAIR LDF attorneys are representing Plaintiffs. Defendants understand that CAIR National was not a party to any lawsuit against Texas officials referred to in Mr. McCaw's letter. Amended Complaint, ECF No. 26 ¶¶ 19-22; Def.'s Motion, ECF No. 43, p. 5, n. 3 (demonstrating Defendant's awareness of the parties in those lawsuits by recognizing that "[n]one of the named Plaintiffs in this case were plaintiffs in those lawsuits"). CAIR National issues press releases on matters related to CAIR affiliates to spread their message to a larger audience. ██████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████

But CAIR National's press statements do not establish that they control the Plaintiffs here. ████████████████████████████████████████████

[black redaction bars]

Defendant knows that Plaintiffs are also represented by Chelsea Glover, Charlie Swift, and Jinan Chehade of the Muslim Legal Fund of America ("MLFA"). *See* ECF Nos. 1, 31; Ex. E, Declaration of Chelsea Glover. MLFA's Legal Division has a long history of bringing lawsuits on behalf of Muslim community members and organizations to vindicate their civil rights. Ex. E ¶ 5. MLFA has always been lead counsel in this litigation, with CAIR LDF joining as secondary counsel. *Id.* ¶ 6. Ms. Glover represented Plaintiffs at the January 7 Status Conference, and Defendants' counsel spoke exclusively with MLFA attorneys regarding discovery. *Id.* ¶ 8. MLFA attorneys defended Plaintiffs during their depositions. *Id.* MLFA consults with CAIR LDF as co-counsel and Plaintiffs themselves. *Id.* ¶ 7. MLFA has not and does not take direction from CAIR National regarding any litigation decision in this case. *Id.* ¶ 9.

Plaintiffs will continue to comply with this Court's orders regarding their discovery obligations. But Plaintiffs and their counsel cannot accept Defendant's claims that Plaintiffs lack agency to advance *their* claims in this lawsuit or that Plaintiffs' counsel have acted in bad faith with respect to any aspect of their representation of Plaintiffs here.

<u>**ARGUMENT**</u>

**1. Defendant's requested discovery is unnecessary for his defense.**

No evidence possessed by Plaintiffs or CAIR National would provide a defense against Plaintiffs' claims that Governor Abbott lacks authority to designate Plaintiffs as terrorists under the U.S. Constitution's Supremacy Clause, or that he improperly imposed criminal and civil penalties on Plaintiffs without due process under the Fourteenth Amendment. Plaintiffs' Motion for Preliminary Injunction, ECF No. 30. The Texas government does not have an interest entitled

to deference regarding matters of national security, which are fully within the purview of the federal government. *See CAIR Foundation, Inc., et al. v. DeSantis*, No. 4:25-cv-516, 2026 U.S. Dist. LEXIS 44162, at *18 (rejecting the Florida governor's claim that his designation of plaintiff as a terrorist organization was entitled to deference because he "cites no precedent to support his contention that he has absolute authority to name any individual or entity a terrorist or terrorist organization").  Although the federal government has an interest in combating terrorism, the state government does not.  *See Holder v. Humanitarian Law Project*, 561 U.S. 1, 9 (2010) ("The authority to designate an entity a 'foreign terrorist organization' rests with the Secretary of State"); *CAIR Foundation*, 2026 U.S. Dist. LEXIS 44162 at *18 ("Defendant is wrong to suggest that his independent decision to call Plaintiff a 'terrorist organization' in an Executive Order is entitled to the same deference afforded to the United States Secretary of State's designation in *Holder*.").  Moreover, Plaintiffs are domestic entities, and the Supreme Court expressly refused to "suggest that Congress could extend the same prohibition on material support at issue here to domestic entities." *Holder*, 561 U.S. at 39.  No branch of government has an interest in denying due process. *See CAIR Foundation*, 2026 U.S. Dist. LEXIS 44162 at *24, n. 15 (refusing to afford Defendant's designation of plaintiff as a terrorist the same deference as other designations in emergency situations due to "the complete lack of procedural safeguards giving rise to Defendant's designation," explaining that "Defendant does not have *carte blanche* to so limit the constitutional rights of . . . domestic organizations without justification"); *Seton v. NLRB*, 756 F. Supp. 3d 405, 409-10 (W.D. Tex. 2024) (holding the government has no interest in perpetuating unlawful action).

Plaintiffs base their preemption claim on the federal government's demonstrated occupation of the field of national security and foreign affairs, including the designation of foreign terrorist organizations.  ECF No. 30 at pp. 14-16 (citing 8 U.S.C. § 1189, 50 U.S.C. § 1701, et seq., and 31 C.F.R. § 590.101, et seq.).  The Supreme Court has held that a state cannot penalize a foreign entity when the federal government has not done so, explaining that the state's action frustrates the federal government's authority to exercise discretion in foreign affairs.  *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 563, 375-78 (2000) (explaining that the Executive

Branch has been granted full authority by Congress to act in the field of foreign affairs and national security, and states cannot create separate punitive measures that "penalize[] some private action that the federal Act (as administered by the President) may allow"). Defendants' argument that they need discovery to assess the application of *Crosby* to this case makes little sense. Defendants fail to cite any authority granting them the ability to act in place of the federal government by designating domestic entities as foreign terrorist organizations and transnational criminal organizations. Discovery from Plaintiffs will not assist Defendants in responding to Plaintiffs' arguments.

**2. Plaintiffs produced responsive documents in good faith in accordance with the Scheduling Order.**

No matter what Defendant believes, CAIR National does not control Plaintiffs. Plaintiffs searched their own records and documents within their possession to produce voluminous records relating to their relationship with CAIR National, including agreements, financial transactions, and shared policies, by the two-week deadline preferred by this Court and agreed to by the Parties. ECF No. 33. Plaintiffs reasonably objected to many of Defendants' discovery requests as beyond the limited scope of discovery permitted by this Court, but continued to promptly produce documents rather than pursue their arguments before this Court so that the Parties could continue briefing Plaintiffs' Motion for a Preliminary Injunction. *See* Ex. A to Def.'s Motion, ECF No. 43-2. If there has been any dilatory tactic in this litigation, it is Defendant's present motion to stay briefing to obtain unspecified documents from a nonparty to this case.

Defendant claims that Plaintiffs' privilege log "provides conclusive proof they are litigating this case on behalf of CAIR National, their parent organization." ECF No. 43 at p. 9. Setting aside that a privilege log cannot prove a legal relationship that does not exist, Plaintiffs' privilege log provides no proof that Plaintiffs are litigating on behalf of CAIR National, or that Plaintiffs' counsel actually represent CAIR National in this lawsuit. As discussed above, CAIR National considered joining the lawsuit at its inception, but has not been involved in any litigation decisions since Plaintiffs filed the lawsuit. At most, CAIR National issues press releases related

to these proceedings to raise awareness that its attorneys are advocating on behalf of an affiliate. But CAIR National has not directed attorneys to take any action in this lawsuit on its behalf or to protect its interests. Plaintiffs decided to bring this lawsuit because they possess standing to challenge the Proclamation in its entirety, as entities operating and possessing real property in Texas.

### 3. Judicial economy does not warrant a stay.

Plaintiffs maintain their position that no discovery is necessary for Defendants to respond to Plaintiffs' arguments in their motion for preliminary injunction. Hrg. Tr. 14:14-19. Plaintiffs' motion has been pending without a response since January 22. Rather than respond to Plaintiffs' argument that the Proclamation is unconstitutional and unenforceable, Defendants ramped up their enforcement actions against Plaintiffs. *See supra* at pp. 3–4. Defendant Abbott publicly claimed that "[v]oluminous documents detail the dangers posed to Texans by the Muslim Brotherhood, CAIR, and their affiliates." *Supra* n. 1. Defendant Paxton moved for a temporary restraining order against Plaintiffs based on the allegations in the Proclamation, arguing before the state court that Texas "is likely to succeed in demonstrating that Defendants . . . continuously or regularly engage in . . . prohibited gang activities," including "terroristic threats" and "soliciting membership in a foreign terrorist organization." Ex. A at p. 7. The judge in the state court proceeding indicated that he would wait for this Court to rule on the constitutionality of the Proclamation prior to ruling on Defendant Paxton's motion for a temporary restraining order. A delay in resolving Plaintiffs' motion for preliminary injunction will prejudice Plaintiffs by leaving them exposed to the threat of a complete ban on their activities in Texas.

Although this Court granted Defendant's motion to compel production of additional documents, judicial economy does not warrant a stay here. Plaintiffs' counsel can obtain and produce responsive documents specifically requested from CAIR National by the end of this week—i.e., documents responsive to RFP Nos. 2, 3, and 13. *See* Ex. A to Def.'s Motion, ECF No. 43-2. In light of the religious holiday this week, Eid-al-Fitr, Plaintiffs' counsel can search for, obtain, and produce responsive communications in CAIR National's possession by the end of next

week, March 27—i.e., communications responsive to RFP Nos. 9, 10, 14, and 15. Defendants have not pushed for documents solely belonging to CAIR National in previous meet and confers regarding discovery, but Plaintiffs note that Defendant's definition of "You" in his Requests includes "affiliates," which presumably includes CAIR National.[2] Should this Court order production of documents solely possessed by CAIR National, Plaintiffs can provide those documents by March 27 as well. Rather than a complete stay, Plaintiffs respectfully request that this Court enter an Amended Scheduling Order setting April 3 as Defendants' deadline to respond to Plaintiffs' Motion for Preliminary Injunction, and April 10 as Plaintiffs' deadline to reply to Defendants' response.

<h3 align="center">CONCLUSION</h3>

Defendants repeatedly emphasize to the public, state agencies, and state courts that they have all the evidence they need to condemn Plaintiffs as foreign criminal organizations. Yet to this Court, Defendants argue they cannot defend themselves without unspecified documents from a separate nonparty entity. Defendants cannot have their cake and eat it too—either they have the proof they need regarding Plaintiffs' alleged criminality, and therefore do not need additional discovery to respond to Plaintiffs' motion, or they never had any evidence to support their claims about Plaintiffs, and therefore admit that they have no grounds to enforce the Proclamation against Plaintiffs. As long as this Proclamation stands unchallenged, Plaintiffs suffer irreparable harm to their reputation and property interests. Plaintiffs complied with Defendants' discovery requests and do not wish to delay resolution of the preliminary injunction motion any further. For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay Briefing Deadlines for Plaintiffs' Motion for Preliminary Injunction, and in the alternative, enter an Amended Scheduling Order setting Defendants' deadline to respond to Plaintiffs' preliminary injunction motion to April 3, seven days after Plaintiffs complete discovery.

---

[2] Plaintiffs object that any other CAIR National affiliate is not relevant to this lawsuit.

Date: March 18, 2026

Respectfully submitted.

*/s/ Chelsea G. Glover*
Chelsea G. Glover
Bar No. 24097738
Charles D. Swift
Bar No. 24091964
Jinan Chehade
IL Bar No. 6345527

Muslim Legal Fund of America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax (972) 692-7454
cglover@clcma.org
cswift@clcma.org
jinan.chehade@mlfa.org

Lena F. Masri
MI Bar No. P73461
Gadeir Abbas
IL Bar No. 81161

CAIR Legal Defense Fund
453 New Jersey Ave. SE
Washington, DC 20003
T: (202) 488-8787
lmasri@cair.com
gabbas@cair.com

***Counsel for Plaintiffs***