**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | No. 1:25-cv-01878-ADA |
| v. | ) ) ) | **PUBLIC REDACTED VERSION** |
| GREG ABBOTT, in his official capacity as Governor of Texas, and KEN PAXTON, in his official capacity as Attorney General of Texas, | ) ) ) ) ) | |
| *Defendants*. | ) | |

**GOVERNOR ABBOTT'S REPLY IN SUPPORT OF HIS MOTION TO STAY DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Given the Court's order granting Defendants' motion to compel discovery into CAIR National, the Court should stay tomorrow's deadline for Governor Abbott's response to Plaintiffs' preliminary-injunction motion. ECF No. 45. Plaintiffs agree—offering a stay and entry of a discovery schedule as an "alternative" to their opposition. Pls.' Opposition to Def. Mot. to Stay, ECF No. 46 at 9-10 ("Resp."). Plaintiffs' proposed schedule, however, is wholly unrealistic given the need to identify custodians and search terms and Plaintiffs' prior conduct with respect to discovery searches. Plaintiffs' other arguments are meritless, and they show no prejudice resulting from a stay. The Court should stay the preliminary-injunction deadlines and enter the Governor's proposed schedule below so the Governor may actually use the discovery this Court just ordered.

**I.      It Would be Inequitable to Keep the Current Briefing Deadline.**

Governor Abbott has been extraordinarily diligent in pursuing the discovery this Court held

1

he was entitled to seek. *See* Transcript of Jan. 7, 2026, Proceedings at 20:8-11, ECF No. 27 ("Hrg. Tr."). After Plaintiffs filed their motion for a preliminary injunction, Governor Abbott served his discovery requests within a week, as the Court instructed. *See* ECF No. 33 at 1. Those requests sought documents in possession of CAIR National, but Plaintiffs objected that "Plaintiffs do not possess or control CAIR National's" documents. Ex. A to Mot. to Stay, ECF No. 43-2 at 2. It recently became clear, however, that Plaintiffs' operations were inextricably intertwined with CAIR National. *See* Mot. to Stay Briefing Deadline, ECF No. 43 at 4-6 ("Stay Mot."). The documents held by CAIR National about its structure, communications, and finances are relevant to Governor Abbott's defenses to Plaintiffs' preliminary-injunction motion because those documents will help determine (1) the strength of the Governor's "interest" in issuing the Proclamation under the relevant due-process framework, *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005); (2) the inapplicability of *Crosby v. National Foreign Trade Council*, 530 U.S. 363 (2000); and (3) whether CAIR National is an indispensable party.

Plaintiffs' contrary arguments are meritless. First, Plaintiffs' attempt to relitigate this Court's ruling that they have "'possession, custody, or control' of documents held by CAIR National" is unavailing. ECF No. 45. Plaintiffs say CAIR National is not "directing litigation strategy" in this case. Resp. at 5. But that (highly contestable) point is irrelevant given the Court's resolution of Defendants' motion to compel. And in the context of that motion to compel, these assertions are beside the point. Even if CAIR National's Executive Director and Chief Operating Officer were not literally "direct[ing] attorneys," Resp. at 9, the facts still show that CAIR National and Plaintiffs operate as a unified entity in this case and outside of it, Stay Mot. at 4-7,[1] as shown

---

[1] ████████████████████████████████████████████████

by Plaintiffs' continued assertion of attorney-client privilege with CAIR National, Resp. at 4.

Second, Plaintiffs once again argue that discovery into CAIR National is irrelevant to litigate their motion for a preliminary injunction. Resp. at 7-8. This Court already disagreed when it allowed for discovery into Plaintiffs' "financial documents," documents regarding the "structure of the organization" of Plaintiffs, Hrg. Tr. at 35:13-17, and documents that the Governor "believe[s] would show that . . . CAIR is in fact an entity that is" a "terrorist organization" and "transnational criminal organization," *see id.* at 26:16-27:1. Given the deep and abiding connections between Plaintiffs and CAIR National, these exact same reasons apply.

Plaintiffs' argument regarding the relevance of discovery into CAIR National is simply an argument regarding the merits of their claims. For example, they contend that CAIR's connections to terrorism are irrelevant with respect to the government interest under the Due Process Clause because "[a]lthough the federal government has an interest in combating terrorism, the state government does not." Resp. at 7. The assertion that Texas has no interest "in combatting terrorism" is astonishing—and wrong. *Zyla Life Scis., LLC v. Wells Pharma of Houston, LLC*, 134 F.4th 326, 333 (5th Cir 2025) ("States may have a legitimate interest in punishing or providing redress for wrongs even if federal law already does so."). And "the Government's interest" behind the Proclamation is plainly relevant to the Due Process Clause analysis, *Wilkinson*, 545 U.S. at 224, as this Court has already determined, Hrg. Tr. at 26:16-27:1.

Plaintiffs also contradict themselves when they say no factual disputes are relevant to the federal-preemption issues. For instance, Plaintiffs contend that CAIR consists of "domestic entities," Resp. at 7, while the Governor contends that CAIR is, at least, affiliated with an

3

international organization known as the Muslim Brotherhood, First Am. Compl. ECF No. 26-1 at 5. Plaintiffs would not argue about their putative "domestic" status unless they believed it was relevant to the preemption issues they raise. And as explained previously, Governor Abbott is entitled to discovery into *what* CAIR is to litigate Plaintiffs' *Crosby* claim. Stay Mot. at 9-10.

## II.    Plaintiffs Will Suffer No Undue Prejudice

Plaintiffs argue any delay would harm them, but the only harm they claim is confused and self-defeating. In the January 28 letter Plaintiffs reference, the Governor called on the Attorney General to strip CAIR's non-profit status. The Attorney General has not done so. Separately, the Attorney General has sued in state court to abate a nuisance. And Plaintiffs admit the judge in that case intends to "wait for this Court to rule on the constitutionality of the Proclamation prior to ruling on Defendant Paxton's motion for a" TRO. Resp. at 9. This shows Plaintiffs will suffer no harm from the state-court proceeding if a stay is granted.

## III.    Proposed Schedule

Plaintiffs essentially acknowledge that Governor Abbott is entitled to additional time to take discovery into CAIR National and thus propose a discovery schedule. *Id.* at 9-10. But their proposal is untenable—especially given Plaintiffs' prior gamesmanship with respect to search terms and custodians. Previously, when the Governor asked about search terms and custodians during the meet-and-confer process, Plaintiffs' counsel refused to disclose that information, forcing the Governor to include a 30(b)(6) topic seeking testimony regarding the custodians and search terms used to respond to Defendants' requests for production. ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██.[2] Thus, while Plaintiffs suggest they would have *invited* the Governor's assistance in "specifying any custodians or search terms," Resp. at 2, they refused to disclose their search process until the middle of a deposition. To avoid this problem, the parties should negotiate search terms and custodians for CAIR National. *See, e.g.*, *Harper v. FirstKey Homes, LLC*, No. 3:25-cv-642-L-BW, 2025 WL 3204729, at *3 (N.D. Tex. Nov. 17, 2024) (ordering parties "to negotiate search terms to apply to instant messages in Outlook and Teams"). The need to do so makes Plaintiffs' proposed schedule unworkable, and the Governor instead proposes the following schedule: (1) on March 23, Defendants serve requests for production tailored to CAIR National along with proposed custodians and search terms; (2) on March 30, Plaintiffs serve their responses and objections; (3) on April 6, the parties present any remaining discovery disputes to the Court for resolution; (4) on April 13, Plaintiffs complete their production; (5) on April 17, Defendants file their brief in opposition to Plaintiffs' motion for a preliminary injunction; and (6) on April 24, Plaintiffs file their reply brief in support of their motion for a preliminary injunction.

## CONCLUSION

The Court should stay the preliminary-injunction deadlines pending resolution of the discovery the Court has ordered the Governor is entitled to.

---

[2] ████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████

Dated: March 19, 2026

Respectfully submitted,

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
Caleb Gunnels
Deputy General Counsel
Tex. State Bar No. 24109959
Jason Bramow
Deputy General Counsel
Tex. State Bar No. 24101545
OFFICER OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

6

**CERTIFICATE OF SERVICE**

On March 19, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper