**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS ) TEXAS DALLAS FORT WORTH, COUNCIL ON ) AMERICAN-ISLAMIC RELATIONS AUSTIN ) TEXAS, and COUNCIL ON AMERICAN-ISLAMIC ) RELATIONS TEXAS, ) ) *Plaintiffs,* ) v. ) GOVERNOR GREG ABBOTT, in his official capacity, ) and ATTORNEY GENERAL KEN PAXTON, in his ) official capacity, ) ) *Defendants.* | Case No. 1:25-cv-01878-ADA |

**NON-PARTY CAIR FOUNDATION, INC.'S EMERGENCY MOTION FOR**
**MODIFICATION OF THE COURT'S MAY 6, 2026 ORDER (ECF No. 64) AND**
**MARCH 6, 2026 CONFIDENTIALITY AND PROTECTIVE ORDER (ECF No. 42)**

Non-party CAIR Foundation, Inc. (the "Foundation") respectfully moves this Court on an emergency basis to modify the Court's May 6, 2026 Order (the "May 6 Order," ECF No. 64) and the March 6, 2026 Confidentiality and Protective Order (the "Protective Order", ECF No. 42). Responses to several of the discovery requests at issue in this Motion are due on May 15, 2026, and therefore the Foundation requests expedited review, and in support shows as follows:

## I.    BACKGROUND JUSTIFYING MODIFICATION

This Motion is based on new legal precedent and factual developments—in particular, the Supreme Court's recent unanimous opinion in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781, 2026 WL 1153029 (U.S. Apr. 29, 2026), and Governor Abbott's May 6, 2026 tweet publicly celebrating disclosure of the Foundation's donors and donees.

Seven days after this Court made oral determinations on the relevant discovery motions, Justice Gorsuch wrote on behalf of a unanimous Supreme Court that "any demand for donor

1

information . . . must overcome heightened First Amendment scrutiny." *First Choice Women's Res. Centers*, 2026 WL 1153029, at *7 (collecting cases). The Court emphasized that "[d]emands for private donor information . . . 'chill' protected First Amendment associational rights even when those demands contemplate disclosure only to government officials and not 'the general public.'" *Id.* (emphasis added). It reasoned that, while "[a] government that chooses to make private donor information public may make the damage worse," even just "an official demand for private donor information is enough to discourage reasonable individuals from associating with a group." *Id.* at *12.

Despite raising First Amendment protections in its initial Motion for Protective Order (ECF No. 55), the Foundation worked in good faith with Defendants to comply with this Court's rulings, including jointly drafting the proposed May 6 Order. ECF No. 64.

Governor Abbott, however, has not reciprocated that good faith. Instead, just hours after the Court entered the May 6 Order, he inaccurately tweeted: "Progress in my legal fight against CAIR. . . . I demanded CAIR give us its donor list, donee list, and details for Nihad Awad's travel to 9 countries hosting Islamic terror. A federal court granted my request." Abbott, 05/06/26 Tweet, available at https://x.com/GregAbbott_TX/status/2052155335436022140?s=20. Notably, Governor Abbott conspicuously omits the qualifier that only "foreign" donors were ordered disclosed:

{remainder of page intentionally left blank}



*Id.*

Governor Abbott's tweet confirms what the Supreme Court recognized in *First Choice*: forced disclosure of donor and donee information to a governmental body chills future associational relationship. *First Choice Women's Res. Centers*, 2026 WL 1153029, at *7, *12. Donors and donees will predictably be intimidated against supporting the Foundation for fear of retaliation by that same governmental body. The Foundation therefore respectfully moves to

modify the May 6 Order by striking the donor and donee discovery requests, and to modify the case's Protective Order to add an Attorneys' Eyes Only designation.

## II.   <u>LEGAL STANDARD</u>

Courts consider "four factors when determining whether to modify a protective order: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (cleaned up). The same factors guide modification of an order entered after a discovery motion.

## III.   <u>ARGUMENT</u>

All four modification factors favor the Foundation here. *First*, the existing orders "allow discovery against a nonparty with substantial First Amendment implications." *Leonard v. Martin*, 38 F.4th 481, 487 (5th Cir. 2022) (citing *Whole Woman's Health v. Smith*, 896 F.3d 362, 368 (5th Cir. 2018). *Second*, although the Foundation raised First Amendment concerns in its initial Motion for Protective Order, it was not then known that Governor Abbott would so quickly weaponize this Court's discovery rulings or that the Supreme Court would reaffirm heightened First Amendment scrutiny for donor disclosures. *Third*, Defendants have not relied on the existing orders because the Foundation has not yet made any production. *Fourth*, good cause exists to modify because Governor Abbott's public conduct—singling out not just foreign, but *all* Foundation donors and donees—"discourage[s] reasonable individuals from associating with" the Foundation and creates a "risk of loss of donors," as reaffirmed last week by the Supreme Court. *First Choice Women's Res. Centers*, 2026 WL 1153029, at *7, *12.

**A.      The May 6 Order Should Be Modified to Strike the Requests for Donor and Donee Information.**

The Supreme Court's decision in *First Choice* makes clear that "any demand for donor information . . . must overcome heightened First Amendment scrutiny." 2026 WL 1153029, at *7. That heightened scrutiny applies whether or not the disclosure is limited to government officials, because "an official demand for private donor information is enough to discourage reasonable individuals from associating with a group." *Id.* at *12. Donor information is protected even where the government promises confidentiality, because the chilling effect flows from the compelled disclosure itself. *Id.* at *9. Previously, the Fifth Circuit has noted that this need for heightened scrutiny applies when discovery would implicate First Amendment rights. *See Whole Woman's Health*, 896 F.3d at 370-72 (observing that the trial "court's rejection of the free speech, association, and petition claims too narrowly construe[d] the nature of chilling effects" when it compelled certain pretrial discovery).

Governor Abbott's May 6, 2026 tweet illustrates precisely why *First Choice*'s holding requires modification of the May 6 Order. Within hours of the Court's ruling, Governor Abbott broadcast to his followers that he had "demanded CAIR give us its donor list" and that "[a] federal court granted [his] request." He omitted the limiting qualifier—that only *foreign* donors above a $5,000 threshold were ordered disclosed—and instead presented the ruling as a wholesale victory in his political campaign against the Foundation. That is exactly the kind of governmental "official demand" the Supreme Court warned would "discourage reasonable individuals from associating" with the targeted organization. *Id.* at *12.

The chilling effect is compounded because the same governmental actor demanding the information is publicly using it as a political weapon. Donors and donees will predictably be

discouraged from associating with the Foundation, hindering its ability to carry out its charitable, non-profit mission.

Accordingly, the Foundation respectfully requests that the May 6 Order be modified to strike Governor Abbott's Request for Production No. 2 (foreign donor identities), Governor Abbott's Request for Production No. 3 (donee identities), Governor Abbott's Request for Production No. 4 (communications regarding solicitation or receipt of funds from foreign sources) and Attorney General Paxton's Request for Production No. 9 (foreign donor names), as they appear in the May 6 Order. *See* ECF No. 64. These three requests, as modified, all compel the very kind of donor and donee disclosures that the Supreme Court held in *First Choice* must overcome heightened First Amendment scrutiny—a standard Defendants cannot satisfy on this record.

**B.      The Protective Order Should Be Modified to Include an Attorneys' Eyes Only Designation.**

The Foundation also requests that the Protective Order be modified to include an Attorneys' Eyes Only ("AEO") designation. The Court's default form of protective order envisions such a designation, by which "disclosure of the confidential document or information shall be limited to one designated 'in house' attorney."

The Protective Order entered in this case contains no AEO option. *See* ECF No. 42. Plaintiffs and Defendants previously briefed the issue. *See* ECF Nos. 34, 39, 41. As a non-party, the Foundation had no role in drafting or briefing the Protective Order. The Court entered the Protective Order without an AEO designation. Subsequent events, however, have made an AEO designation necessary.

In his prior briefing, Governor Abbott insisted that the existing "CONFIDENTIAL" designation was sufficient and that Plaintiffs' concern that he would use discovery materials to chill associational activity was "wholly unfounded." ECF No. 39 at 6. That assurance has not held.

Within hours of the May 6 Order, Governor Abbott was publicly trumpeting the disclosure of the Foundation's donor and donee information—information he had not yet even received—and mischaracterizing the scope of what was ordered. The Supreme Court has now made clear that allowing such information into the hands of officials with political incentives to misuse it operates as a "sword of Damocles" over the association's First Amendment rights. *First Choice Women's Res. Centers*, 2026 WL 1153029, at *9.

The Foundation's associational rights are especially burdened here because both named Defendants are candidates for office who have made targeting Islamic civil-rights organizations— including the Foundation—part of their campaign conduct. Allowing sensitive Foundation information to be reviewed by political actors, rather than limited to a single designated in-house attorney bound by AEO restrictions, multiplies the risk that the information will be repurposed for political ends, as Governor Abbott's tweet shows. Further, as the Supreme Court recognized, "even with a protective order in place, donor information might wind up in the public domain due to a hack or leak." *First Choice Women's Res. Centers*, 2026 WL 1153029, at *12. This risk would at least be partially mitigated by limiting disclosure to a single attorney.

The minimum protection required to permit any production of Foundation information is therefore an AEO designation, consistent with this Court's default order.

## IV.    CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Foundation respectfully requests that the Court enter an order:

1. Modifying the May 6 Order (ECF No. 64) to strike Governor Abbott's Request for Production No. 2 (seeking documents sufficient to identify any foreign donor who gave

$5,000 or more to the Foundation or the Washington Trust Foundation in any single year from January 1, 2021, through December 31, 2024);

2.  Modifying the May 6 Order (ECF No. 64) to strike Governor Abbott's Request for Production No. 3 (seeking documents sufficient to identify any donee to whom the Foundation or the Washington Trust Foundation gave donations of $2,500 or more in any single year from January 1, 2021, through December 31, 2024);

3.  Modifying the May 6 Order (ECF No. 64) to strike Governor Abbott's Request for Production No. 4 (seeking documents and communications regarding solicitation or receipt of funds on behalf of the Foundation or the Washington Trust Foundation from any foreign source from January 1, 2021, through December 31, 2024);

4.  Modifying the May 6 Order (ECF No. 64) to strike Attorney General Paxton's Request for Production No. 9 (seeking the names of any foreign donor who donated $5,000 or more in any single year between January 1, 2021, and December 31, 2024); and

5.  Modifying the March 6, 2026 Confidentiality and Protective Order (ECF No. 42) to add an Attorneys' Eyes Only designation, consistent with this Court's default form of protective order, limiting disclosure of so-designated information to a single designated in-house attorney.

Dated: May 8, 2026

Respectfully submitted,

*/s/ Shahmeer Halepota*
John Zavitsanos
State Bar No. 22251650
jzavitsanos@azalaw.com
Shahmeer Halepota
State Bar No. 24109968
shalepota@azalaw.com
Nicholas Petree
State Bar No. 24083657
npetree@azalaw.com
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney St., Suite 2500
Houston, Texas 77010
Telephone: 713-600-4904 | Fax: 713-655-0062

**ATTORNEYS FOR NON-PARTY CAIR-FOUNDATION, INC.**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record pursuant to the Court's CM/ECF system on May 8, 2026.

*/s/ Shahmeer Halepota*
Shahmeer Halepota

## CERTIFICATE OF CONFERENCE

I certify that counsel for Movant conferred with counsel for Plaintiffs and Defendants in an effort to resolve the disputes addressed in this Motion. Defendants oppose the relief requested herein. Plaintiffs do not oppose it.

*/s/ Shahmeer Halepota*
Shahmeer Halepota

9