**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) | Case No. 1:25-cv-01878-ADA |
| v. | ) ) | |
| GOVERNOR GREG ABBOTT, in his official capacity, and ATTORNEY GENERAL KEN PAXTON, in his official capacity, | ) ) ) ) | |
| *Defendants.* | ) | |

**GOVERNOR ABBOTT'S RESPONSE IN OPPOSITION TO CAIR NATIONAL'S**
**EMERGENCY MOTION FOR RECONSIDERATION**

**INTRODUCTION**

CAIR National seeks emergency reconsideration of a discovery order that CAIR National itself *asked* this Court to enter just last week and the protective order that this Court issued months ago. CAIR National claims such relief is needed based on "new legal precedent and factual developments." But CAIR National's "emergency" is entirely of its own creation. CAIR National admits that the Supreme Court opinion it relies on, at most, reaffirms prior doctrine. It was also issued one week before CAIR National submitted the proposed discovery order to this Court—and it is irrelevant to this dispute. Moreover, a social-media post describing a public document ordering discovery in no way threatens compliance with the protective order—as evidenced by CAIR National making *similar posts* about the *same document* the very next day.

Because CAIR National seeks reconsideration of two interlocutory orders that were contested and briefed, this motion is governed by Rule 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). As this Court recognizes, motions for reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Am. Patents LLC v. MediaTek, Inc.*, No. 18-cv-339-ADA, 2019 WL 13150016, at *1 (W.D. Tex. Sept. 20, 2019) (Albright, J.). Instead, they are appropriate only for the "narrow purpose" of "correcting manifest errors of law or fact." *Id.* CAIR National cannot show this is "one of those 'rare' situations" justifying reconsideration, *id.* at *2, because its arguments are procedurally improper, waived, and meritless.

First, the discovery requests CAIR National objects to were propounded on *Plaintiffs* in accordance with this Court's order granting Defendants' motion to compel, which concluded that Plaintiffs have possession, custody, or control of CAIR National's documents. ECF No. 45.[1] Thus,

---

[1] Neither Plaintiffs nor CAIR National seek reconsideration of that order, and any effort to do so would be untimely. *See Am. Patents*, 2019 WL 13150016, at *1 (treating 28 days as "the maximum amount of time allowed" for a motion for reconsideration).

1

Plaintiffs—not CAIR National—must seek relief from a discovery order in this case. Second, CAIR National has waived its request for the relief it now seeks, which is significantly different (and broader) than the relief previously sought. Third, CAIR National recycles a First Amendment argument this Court has already rejected—twice, when entering the protective order and the latest discovery order—based on the Supreme Court's opinion in *First Choice Women's Resource Center, Inc. v. Davenport*. That opinion not only preceded CAIR National's submission of the discovery order to this Court; but its holding about Article III standing to file an action under 42 U.S.C. § 1983 also has nothing to do with this dispute—where a nonprofit attempts to use the First Amendment as a sword to prevent the party it sued from ever mustering a defense with discovery. Finally, even if the Court were to reconsider, CAIR National has disclaimed any First Amendment burden through its own social-media posts: The day after the Court issued its discovery order, CAIR National issued what it called a "GOOD NEWS ALERT" about the ruling, bragging that this Court had "significantly limited" the Governor's requests. In direct response to the Governor's post, CAIR National assured there was little burden because "[n]early all" of its donations are domestic. The dissonance between CAIR National's motion and its public statements is striking. The motion for reconsideration should be denied.

## BACKGROUND

Almost two months ago, this Court ruled that "Plaintiffs in this action have 'possession, custody, or control' of documents held by CAIR National" under Rule 34. ECF No. 45 at 1. The Court thus granted Defendants' motion to compel discovery into CAIR National. ECF No. 50. After Defendants served their requests, Plaintiffs' counsel served their objections and then separate attorneys served what they described as "informal objections" on behalf of CAIR National exclusively. ECF No. 55-5 at 45-46. These other attorneys also asserted that Plaintiffs "do not have possession, custody, and control of CAIR [National's] documents." *Id.* at 49. As the Governor's

2

counsel responded, that assertion was foreclosed by the Court's previous order, which had "already held precisely the opposite." *Id.* at 48. That is why, the Governor's counsel explained, the "discovery requests were served on Plaintiffs." *Id.* Although the Governor was willing to confer with both Plaintiffs' counsel and the separate attorneys representing CAIR National, the Governor's counsel repeatedly made clear that the document requests were served on Plaintiffs (not a purported "nonparty") pursuant to the Court's order. *See id.* at 20, 27, 41.

After weeks of negotiations over the discovery requests "tailored to CAIR National," ECF No. 50 at 2, Defendants were forced to file another motion to compel. Plaintiffs' counsel responded in accordance with the practice for the previous motion to compel. Then, separate attorneys filed a separate motion seeking to limit discovery on behalf of CAIR National. *See* ECF No. 55. The Court held a hearing on these motions and directed the parties to submit a proposed order. Attorneys representing CAIR National ultimately filed the "jointly agreed proposed order," ECF No. 63, which the Court entered, ECF No. 64. Now, in their latest bid at delay, attorneys for CAIR National—but not Plaintiffs—filed the instant motion for reconsideration just days after the Court entered the agreed discovery order. *See* ECF No. 65 ("Mot.").

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) permits a court to reconsider interlocutory orders, but Rule 54(b) motions "are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Am. Patents LLC*, 2019 WL 13150016, at *1. "Rather, they serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quotations omitted). Thus, the Court's power to reconsider interlocutory orders "is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (quotations omitted).

In its motion, CAIR National offers the wrong legal standard. Specifically, it asks this Court to apply a four-factor test regarding the good-cause standard for modifying a protective order under the Federal Rules of *Criminal* Procedure. *See* Mot. at 4 (citing *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015)). Not only is this a civil case, but the Court is not merely being asked to modify a protective order for good cause; it is being asked to *reconsider* two prior orders the Court entered—the entry of a protective order without an AEO designation and the Court's most recent discovery order—both of which were contested and briefed. Thus, the Rule 54(b) standard applies.

## ARGUMENT

### I.    CAIR National's Motion Is Procedurally Improper And Untimely.

This Court ruled that Plaintiffs "have 'possession, custody, or control' of documents held by CAIR National." ECF No. 45 at 1 (quoting FED. R. CIV. P. 34(a)(1)). "*Plaintiffs*," therefore, "must produce documents in possession, custody, or control of CAIR National." *Id.* (emphasis added). And since Plaintiffs are the party "from whom discovery is sought," only Plaintiffs may bring a motion for reconsideration. FED. R. CIV. P. 26(c)(1). The insistence by Plaintiffs and CAIR National that Defendants may not seek discovery from CAIR National through discovery requests served on Plaintiffs violates this Court's discovery order, ECF No. 45: the entire point of Defendants' first motion to compel was that the Plaintiffs and CAIR National operate as a unified entity and thus discovery requests to the Plaintiffs extend to CAIR National. If CAIR National wishes to file motions in its own name (as opposed to the name of its proxies), it should seek to intervene.

### II.    CAIR National's Arguments for Reconsideration Are Waived And Meritless.

CAIR National provides no valid ground for revisiting either this Court's discovery order or its protective order. Reconsideration is appropriate only for the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman*

*v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quotations omitted). Thus, reconsideration will be denied if a party makes "a new argument" (which is waived) or "a variation" of "an old argument" (which is rejected absent a "manifest error[]"). *Am. Patents*, 2019 WL 13150016, at *1-2 (citation omitted). Here, CAIR National flunks both tests. First, CAIR National waived its request for the broader relief it now seeks because it did not seek such relief in its initial motion. Second, the motion recycles First Amendment arguments this Court has already rejected, and CAIR National offers no relevant intervening authority or legal error.

A.    **CAIR National's Motion Fails Because It Seeks Relief CAIR National Did Not Previously Request.**

CAIR National seeks a completely new form of relief in its latest motion. Although CAIR National previously filed a motion that sought to *limit* discovery based on putative concerns about associational privacy under the First Amendment, ECF No. 55, that motion did not ask this Court to "strike" or otherwise reject Abbott RFPs 2–4 entirely. *Id.* Instead, CAIR National's motion and accompanying proposed order offered to produce "the names of any foreign donor who donated $15,000 or more to the Foundation in any single year" for a three-year period, documents related to "any donation" to specified entities "over $7,500" for a three-year period, and documents responsive to search terms related to foreign funding. ECF No. 56 at 2–3.

Now, CAIR National asks for completely different and significantly broader relief on a substantially similar theory. It wants the Court to "strike Governor Abbott's Request for Production[s]" 2–4 in their entirety. Mot. at 5–6. If courts refuse to consider "new argument[s]" in motions to reconsider, it necessarily follows that a party cannot go (significantly) further and seek new *relief* in a motion for reconsideration. *Am. Patents*, 2019 WL 13150016, at *2. CAIR National "waived" the ability to seek reconsideration of the Court's discovery order by failing to make this request in the first instance. *Id.*

The same is true of CAIR National's request for a new type of AEO designation. While the prior designation supported by Plaintiffs would have permitted *all* "retained counsel," "their respective staff," "actual or potential independent experts or consultants," the Court and its staff, and litigation vendors (among others) to review AEO designated material, ECF No. 34-1 at 2, CAIR National now seeks to limit access to either outside counsel, or, if the party lacks outside counsel, "a single designated in-house attorney," Mot. at 7. CAIR National provides no authority for this remarkable request. And it is not even clear how CAIR National intends for it to work: Is nobody in the Governor's Office allowed to participate in the brief-drafting process? How can the Governor's General Counsel participate in the discovery process without knowing the content of the documents already produced? Like its newly requested relief from the discovery order, this newly requested relief for a supercharged AEO designation is also waived.

### B. CAIR National Recycles The First Amendment Argument This Court Has Already Rightly Rejected—Twice.

CAIR National seeks reconsideration of both the Court's discovery order and protective order based on First Amendment grounds. But this Court has already rejected that argument in both contexts. With respect to the discovery order, CAIR National previously argued for heightened scrutiny under *Americans for Prosperity Foundation v. Bonta*, 594 U.S. 595 (2021). *See* ECF No. 55 at 4. With respect to the protective order, Plaintiffs made the same argument, relying on the same case. *See* ECF No. 34 at 3.

The Court rightly rejected those arguments. As the Governor previously explained regarding *AFP v. Bonta*, "that case is nothing like this one." ECF No. 39 at 4. Most relevant here, *AFP* "did not limit targeted discovery that seeks records from plaintiffs who initiated the underlying legal proceedings." *Id.* at 5. Plaintiffs filed this lawsuit and moved for a preliminary injunction; they cannot use the First Amendment as a weapon to prevent the Governor from

defending against that coercive judicial process through reasonable party discovery. Once again, Defendant Abbott has an "undisputed right to muster a defense in this case that Plaintiffs brought." *Id.* at 7 (citing *Owen v. United States*, No. A-07-CA-612, 2009 WL 10669161, at *2 (W.D. Tex. Jan. 16, 2009)). Moreover, the Governor has agreed to seek only information about donations from *foreign* individuals, showing that his requests were tailored to minimize any First Amendment burden. *See Agency for Int'l Dev. v. All. For Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433–34 (2020) ("[I]t is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution.").

CAIR National's primary legal argument for reconsideration is the Supreme Court's decision in *First Choice Women's Resource Center, Inc. v. Davenport*, No. 24-781, 2026 WL 1153029 (U.S. Apr. 29, 2026). But CAIR National *admits* that *First Choice* did not change anything in the relevant precedent. Instead, in CAIR National's own words, *First Choice* merely "reaffirmed" the existing doctrine. Mot. at 4. Thus, CAIR National's argument based on *First Choice* is simply a "variation of the argument" the Court has already twice rejected. *Am. Patents*, 2019 WL 13150016, at *2.

Nor can CAIR National point to a "manifest error[] of law" based on *First Choice*. *Id.* at *1. Even a quick skim of the opinion shows that *First Choice* does not apply here. The "narrow question" presented was whether the recipient of an offensive subpoena had Article III *standing* to challenge the subpoena on First Amendment grounds. 2026 WL 1153029, at *5. After surveying the existing doctrine, the Supreme Court held that the recipient of a subpoena had standing to litigate the legality of the subpoena in federal court. *Id.* at *5-7. *First Choice* did not rule on the merits of the First Amendment claim at issue. Indeed, the Court was not even "asked to decide the merits of First Choice's federal lawsuit" concerning the subpoena. *Id.* at *5. Certainly, the Court

did not provide a blank check for a non-profit plaintiff to *sue someone else*, then turn around and prevent the party forcibly haled into court from obtaining discovery into the party who sued. *First Choice* thus has nothing to do with the Court's resolution of the Governor's motion to compel.

In sum, CAIR National has offered no "law that would justify the rare exercise of the Court's inherent power" to reconsider an interlocutory order. *Am. Patents*, 2019 WL 13150016, at *2 (citation omitted). Neither *AFP* nor *First Choice* arose in the context of a nonprofit *suing as a Plaintiff*. Thus, neither case involved party discovery where, as here, the Governor is a *defendant* with the right to both "present a defense" and obtain "discovery to permit [him] to develop one." *Owen*, 2009 WL 10669161, at *2.

C.    **CAIR National's Reliance On A Lone Social Media Post Is Meritless And Undercut By CAIR National's Own Public Statements.**

CAIR National's attempt to use a single post from Governor Abbott on X (formerly Twitter) as an "illustrat[ion]" to support reconsideration falls flat. Mot. at 5. After this Court issued its discovery order, Governor Abbott posted an "update" on the litigation, summarizing his requests for production and the Court's (publicly available) order compelling discovery. Greg Abbott (@GregAbbott_TX) X (May 6, 2026, at 6:35pm ET), https://perma.cc/2SS7-J2DR**.** The post also included a screenshot of the Court's order, which contained the caption and docket number. *Id.* CAIR National argues this post "illustrates" the need for reconsideration because the Governor "omitted the limiting qualifier" that "only foreign donors above a $5,000 threshold were ordered disclosed—and instead presented the ruling as a wholesale victory." Mot. at 5 (emphasis omitted).

This Court has already rejected just this sort of argument. As the Governor explained before, Plaintiffs previously pointed to other posts on X to suggest the Governor would "improperly disclose information classified as Confidential under a protective order." ECF 39 at 5-6. What the Governor has said before, he will say again: That is absurd. The Governor, of course,

8

continues to believe that "discovery will turn up misdeeds" and his "designations under state law will ultimately be vindicated in court." *Id.* at 6. But he will studiously observe any order of this Court—talking about "publicly available documents" in no way suggests otherwise. *Id.*

CAIR National is not entitled to reconsideration now merely because it still wants to wordsmith the Governor's social-media posts. Indeed, CAIR National does not even contend that the post itself is "newly discovered evidence." *Waltman*, 875 F.2d at 473 (quotations omitted). And it otherwise offers no explanation for why this post would satisfy the strict requirements for reconsideration. Nor can the Governor reasonably be accused of somehow trying to alter the public understanding of the Court's discovery order when he posted a screenshot *with the caption and docket number* so that any interested person could go look it up.

Although the Governor has little interest in litigating over tweets, if anyone's social media posts are relevant to this motion, they are CAIR National's. While CAIR National tells this Court that public discussion of its discovery order creates a "chilling effect," Mot. at 5, it is singing a very different tune publicly. In direct response to Governor Abbott's post, CAIR National *disclaimed* any burden from the Court's order, stating that this Court "denied [the Governor's] request to go on a McCarthyist fishing expedition into our supporters." CAIR National (@CAIRNational), X (May 7, 2026, at 5:09pm ET), https://perma.cc/PX7A-6FAT. The post continued to explain that requests for foreign donations would be minimally burdensome because so few exist: "Newsflash, Governor: we rely on the American people for support. Nearly all of our donations [come] from people across America." *Id.* The same day, CAIR National reiterated the same message in issuing (what it called) a "GOOD NEWS ALERT" on X, declaring that this Court "just denied Texas Governor @GregAbbott_TX's latest attempt to go on a McCarthyist fishing

expedition." CAIR National (@CAIRNational), X (May 7, 2026, at 4:38pm ET), https://perma.cc/PG2E-PQGT.

CAIR National cannot seriously proclaim that the discovery order is "GOOD NEWS," *id.*, while also complaining that the order is so burdensome that it violates the First Amendment.

## CONCLUSION

For these reasons, the Court should deny the motion for reconsideration.

Dated: May 12, 2026                                  Respectfully submitted,

TREVOR W. EZELL                            */s/ Charles J. Cooper*
*General Counsel*                          Charles J. Cooper (Pro Hac Vice)
Tex. State Bar No. 24109849                John D. Ramer (Pro Hac Vice)
Caleb Gunnels                              Bradley L. Larson (Pro Hac Vice)
Deputy General Counsel                     COOPER & KIRK, PLLC
Tex. State Bar No. 24109959                1523 New Hampshire Avenue, N.W.
Jason Bramow                               Washington, D.C. 20036
Deputy General Counsel                     Tel: (202) 220-9600
Tex. State Bar No. 24101545                Fax: (202) 220-9601
OFFICE OF THE GOVERNOR OF TEXAS            ccooper@cooperkirk.com
P.O. Box 12428                             jramer@cooperkirk.com
Austin, TX 78711                           blarson@cooperkirk.com
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

10

## CERTIFICATE OF SERVICE

On May 12, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

*/s/ Charles J. Cooper*
Charles J. Cooper