**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | § § § § § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **CASE NO. 1:25-CV-01878-ADA** |
| GOVERNOR GREG ABBOTT, in his official capacity, and ATTORNEY GENERAL KEN PAXTON, in his official capacity, | § § § § § | |
| **Defendants.** | § § § | |

**ORDER DENYING NON-PARTY CAIR FOUNDATION, INC's EMERGENCY MOTION FOR MODIFICATION OF THE COURT'S MAY 6, 2026 ORDER AND THE MARCH 6, 2026 CONFIDENTIALITY AND PROTECTIVE ORDER**

On this day the Court considered "Non-Party CAIR Foundation, Inc.'s Emergency Motion for Modification of the Court's May 6, 2026 Order and the March 6, 2026 Confidentiality and Protective Order." Dkt. No. 65. After considering the Motion, Defendant Governor Greg Abbott's Response (Dkt. No. 66), and CAIR Foundation's Reply (Dkt. No. 68), the Court finds the Motion should be **DENIED**.

CAIR Foundation moved to modify the Court's May 6 Order to strike the following as they appear in the May 6 Order:

- Governor Abbott's Request for Production No. 2 (foreign donor identities);

- Governor Abbott's Request for Production No. 3 (donee identities);

- Governor Abbott's Request for Production No. 4 (communications regarding solicitation or receipt of funds from foreign sources); and

- Attorney General Paxton's Request for Production No. 9 (foreign donor names).

Dkt. No. 65 at 7-8.

CAIR Foundation argues that under the relevant Fifth Circuit test for modifying a protective order, these points should be stricken. *Id.* at 4. CAIR Foundation points to the Supreme Court's recent holding in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781, 2026 WL 1153029 (U.S. Apr. 29, 2026), arguing that recent decision demonstrates "any demand for donor information . . .  must overcome heightened First Amendment scrutiny[,]" and these requests fail to meet that standard. *Id.* CAIR Foundation also argues that Defendant Abbott's tweet, made shortly after the Court's May 6 Order, shows that this particular requirement for CAIR Foundation to provide foreign donor/donee information will cause a chilling of association. *Id.* at 3-4.

CAIR Foundation also requests that the existing protective order in this case be modified to include an "Attorney's Eyes Only" ("AEO") designation, so that only outside counsel or one in-house lawyer will have access to sensitive material. *Id.* at 6-7. CAIR Foundation argues this is necessary because of the danger of sensitive information produced to political entities being used for political purposes. *Id.*

The Court agrees with CAIR Foundation that the relevant legal standard here is the Fifth Circuit's four-factor test—not the Rule 54(b) standard applied by Defendant Abbott's Response. *See* Dkt. No. 66 at 3. Therefore, the Court applies the following four factors in determining whether to modify the protective order: (1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification. *United States v.*

*Morales*, 807 F.3d 717, 723 (5th Cir. 2015). Applying that test, the Court finds that factors (2) and (4) preclude the relief sought by CAIR Foundation.[1]

Addressing factor two, whether this was a foreseeable modification, the Court finds that the First Amendment issues for CAIR Foundation's first requests were foreseeable at the time of the Court's hearing on the initial protective order issues. While the Supreme Court's recent holding in *First Choice* provides the most prominent basis for this motion, the Court in *First Choice* recognized that compelled disclosure of affiliation with groups and private donor or member information has repeatedly been subjected to heightened First Amendment scrutiny. *See First Choice Women's Res. Center*, No. 24-781, 2026 WL 1153029, at *6. Therefore, this issue was foreseeable even before the Supreme Court's First Choice opinion and was also argued when the original motion for a protective order was before this Court. Additionally, the same issue about the AEO designation for the protective order was foreseeable at the time it was entered, as Plaintiffs raised an argument at that time for the AEO designation which the Court rejected in the order that was entered. *See* Dkt. No. 34 at 2-3.

More importantly, addressing factor four, there is not good cause to support either of CAIR Foundation's requests. For the request to strike portions of the May 6 Order, the Court does not agree that *First Choice* provides good cause. *First Choice* was addressing the issue of whether a nonprofit organization had standing to challenge an Attorney General's subpoena. *First Choice Women's Res. Centers*, No. 24-781, 2026 WL 1153029, at *5 ("We are not asked to decide the merits of First Choice's federal lawsuit, only whether it may proceed.") The nonprofit organization

---

[1]As a preliminary note, the Court finds Defendant Abbott's argument slightly persuasive that the non-party CAIR Foundation may not be procedurally bringing this motion, because the undersigned ordered Plaintiffs to comply with Defendants' discovery requests after finding Plaintiffs had possession and control over the relevant CAIR Foundation documents. *See* Dkt. No. 66 at 4. However, the Court will allow this decision to rest on the merits of CAIR Foundation's motion and will not hinge its ruling on that procedural issue.

in *First Choice* is starkly different from a nonprofit organization plaintiff who is seeking to avoid discovery that would otherwise assist Defendants in responding to the nonprofit's preliminary injunction motion. And, whether the nonprofit in *First Choice* had standing to challenge a subpoena is a different question from the issue here: whether an order which was largely a product of agreement between the non-party and Defendants should be modified after the fact. The Court does not find that *First Choice* provides good cause to modify the May 6 Order.

Further, the Court does not find that Governor Abbott's social media post made shortly after the Court's May 6 Order supplies good cause here. Governor Abbott's post stated that he "demanded CAIR give [] its donor list, donee list…" and that the Court granted his request. *See* Dkt. No. 65 at 3. CAIR Foundation argues this omits that the Court's order was only for foreign donor/donees, but also chills association by doing so. *Id.* However, CAIR itself posted in a celebratory fashion after the Court's May 6 Order: "GOOD NEWS ALERT" on X, declaring that this Court "just denied Texas Governor @GregAbbott_TX's latest attempt to go on a McCarthyist fishing expedition." *See* Dkt. No. 66 at 9. Overall, the Court does not find that any actions on social media here supply good cause for this factor. Governor Abbott's post did not change the actual scope of the Court's May 6 Order beyond its limit to foreign donor/donees, and any potential associational chilling is likely mitigated by CAIR's own posting that framed the Order as a victory. The Court therefore finds there is not good cause to strike the relevant portions of the May 6 Order.

The Court also does not find there is good cause to modify the protective order to include an AEO designation. The protective order as it stands includes the following:

> **4. Use of Confidential Information.**
>
> All Confidential information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation **and for no other**

**purpose, and shall not be disclosed except in accordance with the terms of this Order.**

Dkt. No. 42 at 3 (emphasis added). That alone forecloses the chance that any sensitive information will be used for an inappropriate political reason. Information designated as Confidential may only be used for the purposes of this litigation. The Court does not find there is good cause for CAIR Foundation—a non-party—to make the Court alter that existing protective order entered between the parties here.

Therefore, the Court finds that CAIR Foundation's Motion for Modification of the court's Orders (Dkt. No. 65) should be **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** this 13th day of May, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE