**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | |
| *Plaintiffs,* | CASE NO. 1:25-CV-01878-ADA |
| V. | |
| GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY, | |
| *Defendants.* | |

**PLAINTIFFS' OPPOSITION TO
<u>DEFENDANT ABBOTT'S MOTION TO AMEND THE BRIEFING SCHEDULE</u>**

Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW"), Council on American-Islamic Relations Austin Texas ("CAIR Austin"), and Council on American-Islamic Relations Texas ("CAIR Texas") (together "Plaintiffs") respectfully request that this Court set Plaintiffs' deadline to file their reply to Defendants' response in opposition to Plaintiffs' motion for preliminary injunction to July 3, fourteen days after Defendants' deadline to file their response. *See* Doc. 71-7 at 1.

Plaintiffs seek to enjoin the Texas government from unlawfully intruding on the federal government's authority and depriving nonprofits of their rights without due process, which Defendants admit they failed to provide. Defendant Abbott's Answer, Doc. 28 ¶ 35 ("Governor Abbott admits he did not give any CAIR employee or agent advance notice of the Governor's proclamation."); Defendant Paxton's Answer, Doc. 29 ¶ 35 ("Attorney General Paxton lacks knowledge as to whether Governor Abbott did or did not give any CAIR employee or agent advance notice of the Governor's proclamation."). On January 7, 2026, this Court permitted Defendants to obtain discovery "they need to prepare for both an argument to add one or more

1

necessary parties and to defend against a not-yet-filed preliminary injunction."  Transcript of Jan. 7, 2026 Status Conference ("Hrg. Tr."), Doc. 27, at 28:18-24.  On January 22, 2026, Plaintiffs filed their motion for a preliminary injunction, challenging Defendants' authority to designate Plaintiffs as terrorist organizations and subject them to punishment under the Supremacy Clause and Due Process Clause.  Motion for Preliminary Injunction, Doc. 30. After Plaintiffs produced discovery, this Court compelled Plaintiffs' production of documents possessed by CAIR Foundation, Doc. 45, and allowed discovery targeted to CAIR Foundation, Doc. 50.

In his current motion to compel, Governor Abbott seeks emails from four custodians, all of whom are employees of CAIR Foundation, not any of the Plaintiffs.  *See* Ex. B, Doc. 71-2, Ex. C, Doc. 71-3.  Despite this Court's Order, which was based on one overlapping member of CAIR Texas and CAIR Foundation, Plaintiffs have no control over these four custodians or their emails. Declaration of Thania Clevenger, Doc. 55-8 ¶¶ 5, 10.  CAIR Foundation has at all times negotiated with the Governor regarding discovery directed at it, not Plaintiffs.  *See* Doc. 71 at 3 (falsely alleging that CAIR Foundation "has been handling the negotiations for Plaintiffs").  Because none of the requested discovery at issue involves Plaintiffs, Plaintiffs are not resisting discovery and therefore do not need to argue why the requested terms are not relevant to their claims.  *See id.* at 3, 7–8 (discussing hit reports produced by CAIR Foundation and burden of cost to CAIR Foundation).  In any event, Plaintiffs have already stated their position on the relevance of the Governor's requested discovery with respect to their motion for preliminary injunction.  Doc. 46 at pp. 6–9.

Plaintiffs filed their preliminary injunction motion in January; Defendants have already had months to prepare a response and will have fourteen additional days following close of discovery, at least twice the original length of time set in the Scheduling Orders following this Court's grant of discovery into CAIR Foundation.  *See* Doc. 50 (giving Defendants four days to file their opposition after completing discovery); Doc. 52 (giving Defendants seven days to file their opposition after completing discovery).  Although Plaintiffs did not oppose Defendants' request to extend their deadline to respond from seven to eighteen days after close of discovery,

Doc. 53, Governor Abbott inexplicably cannot extend the same courtesy. Doc. 71 at 10. While Plaintiffs appreciate the Governor's newfound expeditiousness, Governor Abbott cannot articulate any theory of prejudice to warrant his opposition to Plaintiffs' request—only Plaintiffs suffer prejudice from the ongoing harms caused by the still-standing unlawful Proclamation at issue in this case. Plaintiffs merely wish to have fourteen days to consider both Defendants' opposition motions and prepare a robust reply.

Plaintiffs respectfully request that this Court set Plaintiffs' deadline to file a reply to Defendants' opposition motion to July 3, or fourteen days after Defendants' deadline to respond to Plaintiffs' preliminary injunction motion. In the alternative, Plaintiffs respectfully request that this Court set Defendants' deadline to respond to Plaintiffs' preliminary injunction motion to seven days after Plaintiffs and CAIR Foundation's deadline to complete discovery, and set Plaintiffs' deadline to reply to seven days after Defendants file their response, as contemplated by the original scheduling deadlines set by this Court.

Date: May 22, 2026

Respectfully submitted.

*/s/ Chelsea G. Glover*
Chelsea G. Glover
Bar No. 24097738
Charles D. Swift
Bar No. 24091964
Jinan Chehade
IL Bar No. 6345527

Muslim Legal Fund of America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax (972) 692-7454
cglover@clcma.org
cswift@clcma.org
jinan.chehade@mlfa.org

Lena F. Masri
MI Bar No. P73461
Gadeir Abbas
IL Bar No. 81161

CAIR Legal Defense Fund
453 New Jersey Ave. SE
Washington, DC 20003
T: (202) 488-8787
lmasri@cair.com
gabbas@cair.com

**Counsel for Plaintiffs**