**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 1:25-cv-01878-ADA |
| v. | ) ) | **PUBLIC REDACED** |
| GOVERNOR GREG ABBOTT, in his official capacity, and ATTORNEY GENERAL KEN PAXTON, in his official capacity, | ) ) ) ) ) | |
| *Defendants.* | ) | |

**<u>GOVERNOR ABBOTT'S MOTION TO ENFORCE THIS COURT'S MAY 27 ORDER
AND TO COMPEL PRODUCTION</u>**

**INTRODUCTION**

Plaintiffs and CAIR National are once again making a mockery of the discovery process, forcing Governor Abbott to test this Court's patience, for a fourth time, to enforce the Court's discovery orders and to compel production. On May 27, this Court ordered Plaintiffs to produce all responsive documents from the approximately ███████████ (including families)[1] that returned hits on Governor Abbott's search terms. *See* ECF No. 75 at 2; ECF No. 71-1. On the June 17th production deadline, ████████████████████████████████████████ ████████████████████████. Despite this paltry production, CAIR National (who is presumably speaking on behalf of Plaintiffs) contend that their production is complete and they have complied with this Court's discovery orders.

This Court should not countenance Plaintiffs' and CAIR National's repeated disregard for this Court's orders. Instead of inviting Plaintiffs to redo their own document review, which would only reward past defiance, this Court should order Plaintiffs to immediately produce all documents that contain the terms included in Exhibit A to Governor Abbott's May 15 motion to compel, along with a claw back for documents claimed to be privileged. *See* ECF No. 71-1. And because the current deadline for Defendants to reply to Plaintiffs' motion for a preliminary injunction is July 1, Governor Abbott respectfully requests that this Court rule on this motion by Friday, June 26, and extend Defendants' deadlines by one week to July 8.

**BACKGROUND**

On March 18, 2026, this Court granted Governor Abbott's first motion to compel discovery into CAIR National because Plaintiffs have "possession, custody or control" of CAIR National's documents. ECF No. 45 (quoting FED. R. CIV. P. 34(a)(1)); *see* Mar. 16, 2026, Email from John D.

---

[1] Unless otherwise indicated, the numbers of documents referenced in this motion refer to documents and their families.

Ramer; ECF No. 43 at 1–2. Governor Abbott then promptly served RFPs and corresponding search terms on Plaintiffs that were tailored to CAIR National. *See* ECF No. 50 at 2.

In response to Plaintiffs' burden objection to the search-term RFPs (8–12, 14), Governor Abbott repeatedly asked for a hit report to serve as a basis for negotiation. *See, e.g.*, ECF No. 55-5 at 8 (Apr. 15, 2026); *id.* at 23 (Apr. 8, 2026); *id.* at 29 (Apr. 3, 2026); *id.* at 44 (Mar. 31, 2026). Despite receiving multiple extensions to produce such a report, *see* ECF No. 51; ECF No. 53, Plaintiffs failed to do so, forcing Governor Abbott to move to compel a second time, *see* Apr. 17, 2026, Email from John D. Ramer. This Court ordered Plaintiffs (among other things) to produce "a term-by-term hit count for the terms and timeframes listed in Dkt. 55-7." ECF No. 64 at 4.

Once Plaintiffs finally produced the hit report on May 1, 2026, the parties continued to negotiate over the search-term RFPs. Governor Abbott repeatedly and substantially narrowed his requests—from 167 terms down to 19, and from 23 custodians down to 4—using CAIR National's own assessment of burden. Unfortunately, Plaintiffs failed to agree to Governor Abbott's reasonable proposal and forced him—for a third time—to move to compel production of around █████████████ (including families). ECF No. 71. The Court granted Governor Abbott's motion and ordered Plaintiffs "to produce documents that contain the terms listed in Exhibit A to Governor Abbott's motion and are responsive to Abbott RFPs 8-12 or 14" by "June 17." ECF No. 75 at 1–2. Exhibit A contained Governor Abbott's proposed search terms along with the number of hits, including families, that each term produced. ECF No. 71-1.

A few minutes before midnight on June 17, counsel for CAIR National shared a link that contained a production of documents allegedly responsive to RFPs 8–12 and 14. ████████████ ████████████████████████████████████████████. *See* ECF No. 71-1. Given this astonishingly small production—████████████████████████████████████████

██—counsel for Governor Abbott sent an email the next morning inquiring whether CAIR National asserted that the production was complete and complied with the Court's order. ██

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

Given the failure to comply with this Court's May 27th order to produce all documents that "are responsive to Abbott RFPs 8-12 or 14," Governor Abbott now moves to enforce the Court's order and compel production. ECF No. 75 at 2. Counsel for all parties have conferred about this dispute, and there could be no agreement because the parties disagree on whether production is complete.

## LEGAL STANDARD

"[A]ll orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Courts have inherent power to enforce their orders through an enforcement order, contempt, or other sanctions. *Chambers v. NASCO*, 501 U.S. 32, 43 (1991). Courts also enjoy broad discretion under Federal Rule of Civil Procedure 37 to "fashion[] appropriate sanctions for parties who disobey their [discovery] orders," even when misconduct is not willful. *Chilcutt v. United States*, 4 F.3d 1313, 1320, 1322 n.23 (5th Cir. 1993). Enforcement mechanisms under Rule 37 include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," "dismissing the action or proceeding in whole or in part," treating the failure as "contempt of court," or otherwise "issu[ing]

3

further just orders" against the noncompliant party or his attorney. *See* FED. R. CIV. P. 37(b)(2). Where, as here, a party seeks relief sought short of death penalty sanctions, Rule 37(b) requires simply that any sanctions be fair, substantially related to the underlying issue to be proved by discovery, and sufficient both to punish the bad actor and deter others from similar obstruction. *Chilcutt*, 4 F.3d at 1321. Separately, a party may move to compel production if the opposing party has failed to produce documents in response to a request for production. *See* FED. R. CIV. P. 37(a)(3); *Via Vadis, LLC v. Amazon.com, Inc.*, No. 1:14-cv-00813-LY, 2021 WL 3134257, at *1 (W.D. Tex. July 23, 2021).

## ARGUMENT

Plaintiffs' production was so facially deficient that it leaves the unmistakable impression that they have once again defied this Court's order. The Court should take immediate corrective action. *See* FED. R. CIV. P. 37(b). This Court ordered Plaintiffs to produce, from the ███████████ ███████████ in Exhibit A to Governor Abbott's motion to compel, all documents that "are responsive to Abbott RFPs 8-12 [or] 14." ECF No. 75 at 2. It is simply inconceivable that, as CAIR National claims, ███████████████████████████████████. Plaintiffs' failure becomes clear when one compares the relevant RFPs to the search terms in Exhibit A, which have been narrowly tailored to capture responsive documents.

RFP 8 provides a prime example of how Plaintiffs' production cannot have complied with the Court's order compelling production. ECF No. 75 at 1–2. That RFP requested any "documents [or] communications" in CAIR National's possession, custody, or control "concerning or relating to terrorism, terrorist organizations, or other illegal activities." ECF No. 55-3 at 7. ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

4



The failure to produce ████████ responsive documents was not limited to RFP 8. For example, RFP 10 required Plaintiffs to produce "all documents and communications concerning CAIR National's relationship with Intuitive Solutions, LLC," ECF No. 55-3 at 7, which is a paid fundraising agency operated by CAIR National's Development Director Tayyab Yunus. In 2024, CAIR National paid Intuitive Solutions just $308,264 while receiving $4,807,444 from Intuitive Solutions in return. *See 2024 Form 990 of CAIR-Foundation, Inc.*, at 33. ████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████

Next, RFP 12 requested communications between individuals employed by CAIR National and employees of the Washington Trust Foundation. ECF No. 55-3 at 7. The Washington Trust Foundation is an entity "direct[ly] control[ed]" by CAIR National that exists "to support" CAIR National's mission financially. *See 2024 Form 990 of the Washington Trust Foundation, Inc.*, at 25, 26. In other words, the Washington Trust Foundation exists to funnel money to CAIR National.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

Based on the above examples, it should be apparent not only that unproduced responsive documents exist, but that Plaintiffs utterly failed to comply with their discovery obligations. It is incredible that less than ██ of documents were responsive to RFPs 8–12 and 14. ECF No. 75 at 1. *See, e.g.*, *Q2 Software, Inc. v. Radius Bank*, No. 1:18-cv-878-RP, 2020 WL 10056103, at *3 (W.D. Tex. Nov. 23, 2020) (finding death-penalty sanctions was appropriate where one party was

required to "prepare for trial with less than five percent of [the opposing party's] responsive documents"). The failure to comply with this Court's May 27 Order is part of an unfortunate, but unmistakable, pattern of outright disobedience. For one thing, Plaintiffs and CAIR National have steadfastly refused to honor this Court's ruling that Plaintiffs have possession, custody, or control of CAIR National's documents. *See* ECF No. 55-5 at 29; ECF No. 73 at 2 ("Despite this Court's Order, . . . Plaintiffs have no control over these four custodians or their emails."). ███████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

This Court should order a remedy that prevents further opportunities for disobedience and delay. When a party conducts merely a subpar responsiveness review, one remedy is requiring them to redo the review. But it would be unjust to rely on Plaintiffs to conduct a proper responsiveness review here given such woefully deficient review. Such an order would only reward Plaintiffs' dilatory tactics and efforts to shirk their discovery obligations at every step of this case. There is no reason to believe further review would yield a different result now.

Therefore, the Court should order Plaintiffs to produce all the documents listed in Exhibit A to the Governor's original motion to compel. *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2014 WL 716521, at *1 (S.D.N.Y. Feb. 18, 2014) ("This approach essentially elides the search process with the substantive determination of relevance, and it has the advantage of saving resources for the producing party, which need not conduct a further review for responsiveness."); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 328 F.R.D. 100, 126 (S.D.N.Y. 2018) ("Syntel shall produce all non-privileged documents from the PCT drive that hit on any of the foregoing search terms") . ██████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████ Ordering production of all documents that contain the terms in Exhibit A would obviate any additional costs for Plaintiffs conducting a second round of review. *Id.* This course of action would, of course, increase the burden on Governor Abbott's legal team to review these documents. But the Governor is willing to bear this additional burden to ensure that he receives the documents this Court ordered produced.

## CONCLUSION

The Court should bring an end to ongoing efforts to evade this Court's discovery orders. It should require Plaintiffs and CAIR National to produce all documents that contain terms listed in Exhibit A of Governor Abbott's May 15 motion to compel and assess costs for forcing Governor Abbott to file this fourth motion to correct Plaintiffs' noncompliance with their discovery obligations. Because the current deadline for Defendants to reply to Plaintiffs' motion for a preliminary injunction is July 1, Governor Abbott respectfully requests that this Court rule on this motion by Friday, June 26, and extend both Defendants' deadlines by one week to July 8.

Dated: June 22, 2026

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
Caleb Gunnels
Deputy General Counsel
Tex. State Bar No. 24109959
Jason Bramow
Deputy General Counsel
Tex. State Bar No. 24101545
OFFICE OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329

Respectfully submitted,

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

8

Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

**CERTIFICATE OF SERVICE**

On June 22, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper

9