**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH, COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS, | ) ) ) ) ) ) ) | |
| *Plaintiffs,* | ) | Case No. 1:25-cv-01878-ADA |
| v. | ) ) | |
| GOVERNOR GREG ABBOTT, in his official capacity, and ATTORNEY GENERAL KEN PAXTON, in his official capacity, | ) ) ) ) | |
| *Defendants.* | ) ) | |

**GOVERNOR ABBOTT'S NOTICE RELATED TO HIS MOTION TO ENFORCE THIS
COURT'S MAY 27 ORDER, TO COMPEL PRODUCTION, AND TO EXTEND
DEFENDANTS' JULY 1 BRIEFING DEADLINE BY ONE WEEK**

Seven days after the deadline to produce "documents responsive to Abbott RFPs 8-12 and 14," ECF No. 75 at 2, six days after stating its production was "complete," and two days after Governor Abbott was forced to move to compel production for a fourth time, ECF No. 76, CAIR National produced ▮ documents in what it called a "supplemental production." CAIR National provided no explanation for why these documents were produced well after the Court's June 17th production deadline. *See* ECF No. 75 at 2. Nor did it enumerate the RFPs to which the documents were responsive.

This so-called "supplemental production" confirms the need to grant Governor Abbott's motion to compel in full to prevent Plaintiffs from being rewarded for their strategic noncompliance with this Court's orders. *See* ECF No. 76. Plaintiffs could have sought an extension of time to complete their production but instead produced only ▮ documents and then

implausibly claimed that production was complete, forcing the Governor to spend time and resources to move to compel. *Id.* They have now made a tardy and (still) incomplete "supplemental production" only one week before the current deadline for Defendants' response briefs and one day before the Governor requested a ruling from this Court. *See* ECF No. 75 at 2. Moreover, the supplemental production does not come close to resolving the issues concerning outstanding responsive documents. For example, ███████████████████████████████

████████████████████████████████

Plaintiffs' strategy smacks of gamesmanship, confirming that wholesale production is the only viable avenue to ensure the Governor receives the documents that this Court ordered produced. This tardy and unexplained production also confirms that Defendants, but not Plaintiffs, should receive the additional week to respond to the preliminary-injunction motion that Governor Abbott requested in his original motion. *See* ECF No. 76 at 8. The Court should grant Governor Abbott's motion to compel and extend Defendants' briefing deadline by one week to July 8.

Dated: June 25, 2026

Respectfully submitted,

TREVOR W. EZELL
*General Counsel*
Tex. State Bar No. 24109849
Caleb Gunnels
Deputy General Counsel
Tex. State Bar No. 24109959
Jason Bramow
Deputy General Counsel
Tex. State Bar No. 24101545
OFFICE OF THE GOVERNOR OF TEXAS
P.O. Box 12428
Austin, TX 78711
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*/s/ Charles J. Cooper*
Charles J. Cooper (Pro Hac Vice)
John D. Ramer (Pro Hac Vice)
Bradley L. Larson (Pro Hac Vice)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
jramer@cooperkirk.com
blarson@cooperkirk.com

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*

**CERTIFICATE OF SERVICE**

On June 25, 2026, this document was filed electronically through the Court's CM/ECF system, which automatically serves all counsel of record.

/s/ *Charles J. Cooper*
Charles J. Cooper