**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

COUNCIL ON AMERICAN-ISLAMIC RELATIONS
TEXAS DALLAS FORT WORTH, COUNCIL
ON AMERICAN-ISLAMIC RELATIONS
AUSTIN TEXAS, AND COUNCIL ON
AMERICAN-ISLAMIC RELATIONS TEXAS,

              *Plaintiffs,*

V.

GOVERNOR GREG ABBOTT, IN HIS OFFICIAL
CAPACITY; AND ATTORNEY GENERAL KEN
PAXTON, IN HIS OFFICIAL CAPACITY,

              *Defendants.*

CASE NO. 1:25-CV-01878-ADA

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANT ABBOTT'S MOTION TO COMPEL**

Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW"), Council on American-Islamic Relations Austin Texas ("CAIR Austin"), and Council on American-Islamic Relations Texas ("CAIR Texas") (together "Plaintiffs") oppose Defendant Abbott's Motion to Compel, Doc. 76, and again respectfully request that this Court set Plaintiffs' deadline to file their reply to Defendants' responses in opposition to Plaintiffs' motion for preliminary injunction to July 22, or fourteen days after Defendants' deadline to file their response briefs, as set by this Court. *See* Doc. 76-4 at 1 (requesting a deadline of July 8 to respond to Plaintiffs' motion for preliminary injunction).

Plaintiffs and CAIR Foundation completed their production of documents and privilege logs to both Defendants by June 24. *See* Doc. 79; *see also* Doc. 76 (seeking to compel production of emails requested from CAIR Foundation, not Plaintiffs). Governor Abbott's current motion to compel speculates that CAIR Foundation has not produced all responsive documents in response to his search-term RFP's. Doc. 76 at 4–7. Plaintiffs agree with and join CAIR Foundation's response and adopt its reasoning by reference as if fully set forth herein. Doc. 81. Plaintiffs further

1

reiterate that at no point have they precluded Defendants from obtaining the discovery they allege is necessary to defend a Proclamation issued in November of last year, so Governor Abbott's hyperbolic claims of unfairness are unwarranted and unjustified. Merely observing the fact that Plaintiffs are separate and distinct from CAIR Foundation and have extremely limited access to CAIR Foundation's documents has not limited Governor Abbott's ability to obtain documents from CAIR Foundation in any way.

Moreover, Governor Abbott filed an Answer to Plaintiffs' Amended Complaint, meaning that discovery will continue in this case regardless of the Court's decision on the preliminary injunction motion. *See* Doc. 30 (moving for preliminary injunction on two of three causes of action). Governor Abbott's reliance on cases penalizing parties for failing to produce sufficient discovery prior to *trial* lacks any relevance to the current case, where the parties are engaged in limited discovery on two of three causes of action at issue for a motion for *preliminary injunction*, and where the parties anticipate additional discovery. *See Q2 Software v. Radius Bank*, No. 1:18-cv-878, 2020 U.S. Dist. LEXIS 256043, at *5–6 (W.D. Tex. Nov. 23, 2020) (affirming default judgment as penalty for party who repeatedly failed to comply with discovery orders for over a year, precluding the other party from preparing for the scheduled trial); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp.*, 328 F.R.D. 100, 112–14 (S.D.N.Y. 2018) (ordering party to produce all documents that hit on a specific search term when responsiveness issue raised after the close of fact discovery). And the parties have not agreed, nor has this Court ordered, that all documents that contain search terms "would be produced without regard to whether they were relevant as defined by the earlier discovery demands and responses." *Chen-Oster v. Goldman*, No. 10-cv-6950, 2014 U.S. Dist. LEXIS 27619, at *3 (S.D.N.Y. Feb. 18, 2014) (noting that it was "too late in the day for the plaintiffs to contest the scope defined by the defendants' objections"); *see also* Doc. 75 (ordering production of documents that contain search terms *and are responsive to Defendant Abbott's RFP's*).

Plaintiffs reiterate their request for fourteen days to respond to Defendants' response briefs to Plaintiffs' motion for preliminary injunction, which this Court granted in the current Scheduling

2

Order.  *See* Doc. 73 at 2–3; Doc. 75.  In addition, Plaintiffs' counsel, Chelsea Glover, will be traveling to Florida for multiple depositions in another case during the week of July 6.  Governor Abbott opposes Plaintiffs' request for fourteen days to file the reply for no reason other than to prejudice Plaintiffs (Doc. 78 at 2)—Governor Abbott benefits from every day that this Court does not rule on the legality of his Proclamation, and Plaintiffs will suffer prejudice without adequate time to review and respond to both Defendants' response briefs to their motion.

Plaintiffs respectfully request that this Court set Plaintiffs' deadline to file a reply to Defendants' opposition motion to July 22, which is fourteen days after Defendant Abbott's requested deadline of July 8, or fourteen days after Defendants' deadline to respond to Plaintiffs' preliminary injunction motion as set by this Court.

Date: June 29, 2026

Respectfully submitted.

*/s/ Chelsea G. Glover*
Chelsea G. Glover
Bar No. 24097738
Charles D. Swift
Bar No. 24091964
Jinan Chehade
IL Bar No. 6345527

Lena F. Masri
MI Bar No. P73461
Gadeir Abbas
IL Bar No. 81161

CAIR Legal Defense Fund
453 New Jersey Ave. SE
Washington, DC 20003
T: (202) 488-8787
lmasri@cair.com
gabbas@cair.com

Muslim Legal Fund of America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax (972) 692-7454
cglover@clcma.org
cswift@clcma.org
jinan.chehade@mlfa.org

**Counsel for Plaintiffs**