**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS DALLAS FORT WORTH; COUNCIL ON AMERICAN-ISLAMIC RELATIONS AUSTIN TEXAS; AND COUNCIL ON AMERICAN-ISLAMIC RELATIONS TEXAS,<br><br>*Plaintiffs,*<br>V.<br><br>GOVERNOR GREG ABBOTT, IN HIS OFFICIAL CAPACITY; AND ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY,<br><br>*Defendants.* | CASE NO. 1:25-CV-01878-ADA |

**REPLY IN SUPPORT OF DEFENDANT AG PAXTON'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Ken Paxton, in his official capacity as Attorney General of Texas ("AG Paxton"), files his Reply in support of his Motion for Judgment on the Pleadings. (ECF 106).

**BACKGROUND**

On November 18, 2025, Governor Greg Abbott issued a Proclamation designating the Muslim Brotherhood and Council on American-Islamic Relations ("CAIR") as Foreign Terrorist and Transnational Criminal Organizations under Texas law.[1] Just two days later, Plaintiffs Council on American-Islamic Relations Texas Dallas Fort Worth ("CAIR DFW") and Council on American-Islamic Relations Austin Texas ("CAIR Austin") filed their Complaint for Declaratory and Injunctive Relief against Greg Abbott, in his official capacity as Governor of Texas, and Ken Paxton, in his official capacity as Attorney General of Texas, seeking to permanently enjoin the Proclamation's enforcement. ECF No. 1.

After Defendants filed their Original Answers (ECF Nos. 12, 13), Plaintiffs filed their First Amended Complaint, adding Council on American-Islamic Relations Texas ("CAIR Texas") as a plaintiff. ECF No. 26 (hereinafter "Am. Compl."). Plaintiffs' Amended Complaint asserts facial

preemption and due process claims against Governor Abbott and against Attorney General Paxton as an official "charged with enforcing the Proclamation." Am. Compl. ¶ 51. Plaintiffs assert an additional claim under the First Amendment against Governor Abbott only.

Plaintiffs' claims against AG Paxton should be dismissed. At bottom, Plaintiffs lack standing to sue AG Paxton. Their due process claim against him is not ripe for review and without legal merit in any event. Aside from those jurisdictional defects, Attorney General Paxton is entitled to judgment as a matter of law because Plaintiffs have no cause of action for their preemption claim and the Proclamation is not preempted.

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO SUE ATTORNEY GENERAL PAXTON

Article III standing is determined based on the facts existing at the time a lawsuit is commenced. *E.g., Newman-Green, Inc. v. Alfonso-Larrain*, 490 U. S. 426, 430 (1989); *Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir. 1991). "As with all questions of subject matter jurisdiction except mootness, standing is determined as of the date of filing of the complaint . . ." *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005), quoting *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 571-72 n.5 (1992). Thus, a party cannot "rely on events that unfolded after the filing of the complaint to establish standing." *Kitty Hawk*, 418 F.3d at 460. *Accord, Furlough v. Cage*, 896 F.3d 382, 386 (5th Cir. 2018); *Isbell v. DM Records, Inc.*, 774 F.3d 859 (5th Cir. 2014).

Moreover, a party cannot file a lawsuit without standing and later rely on an amended complaint to establish its standing to sue. "If there is no federal jurisdiction [in a case], it cannot be created by amendment." *Moore's Federal Practice* § 15.14[3], at 15-34 (3d ed. 1999). The Fifth Circuit has applied this principle on multiple occasions. E*.g., Fed. Recov. Servs., Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986).

"Rule 15 cannot cure a jurisdictional defect." *Hernandez v. Smith*, 793 Fed. Appx. 261, U. S. App. LEXIS 34749, 2019 WL 6210875 (5th Cir. 2019). If a court lacks subject matter jurisdiction, it lacks jurisdiction to grant leave to amend. *E.g.,Lopez v. State Farm Lloyds*, 2025 U. S. Dist. LEXIS

80657 (W. D. Tex. 2025) ("[a] court without jurisdiction has no authority to act – not even to grant leave to amend or supplement".)

Thus, the relevant inquiry for standing against AG Paxton here has nothing to do with the First Amended Complaint or any events in 2026. Standing here depends solely on whether Plaintiffs in their Complaint filed on November 20, 2025 – two days after the Governor's Proclamation --alleged that they had *already* then suffered a "concrete and particularized, actual or imminent" injury by reason of actions of AG Paxton. They plainly had no such injury when they filed this suit on November 20, 2025, and the Court should dismiss this suit without prejudice.

Given that only events as of November 20, 2025, are relevant to standing, Plaintiffs are left with only one entirely untenable theory of standing against AG Paxton. That theory is that the Governor's Proclamation in and of itself created standing to sue AG Paxton, *without any action by AG Paxton*. But that theory defies logic and the established principles of Art. III standing. The Governor's Proclamation naming CAIR as a transnational criminal organization (TCO) and foreign terrorist organization (FTO) made CAIR subject to additional criminal or civil penalties if they *thereafter* engaged in certain criminal conduct; created a public nuisance; or acquired real property in Texas. But that plainly did not create an actual or imminent injury in fact to any Plaintiffs, and certainly no legal injury by AG Paxton, as of the date Plaintiffs filed this suit.

When they filed this suit, Plaintiffs could only speculate that they might someday be found liable as a result of some future criminal or civil action based on the Governor's Proclamation designating related but separate entities as TCOs and FTOs. But Plaintiffs then had no imminent threat of such liability. To be "imminent," an alleged injury must be "certainly impending." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (quoting *Lujan*, 504 U.S. at 565 n.2). "Allegations of possible future injury" do not suffice. *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990). And that is all that Plaintiffs had.

For these reasons, Plaintiffs had and now have no standing to file their Complaint against AG Paxton. Without standing, a court cannot reach the merits and there can be no likelihood of success on the merits. *Vapor Tech. Ass'n v. Graham*, 167 F.4th 302, 305-06 (5th Cir. 2026). Without

standing, the Court lacks subject matter jurisdiction of Plaintiff's claims against AG Paxton and must dismiss them. See Fed. R. Civ. P. 12(h).

## II. AG PAXTON HAS NOT DEPRIVED PLAINTIFFS OF DUE PROCESS OF LAW

Plaintiffs' arguments in support of their Due Process claim against AG Paxton (ECF No. 110, at 10-14) complain mostly of the Governor's Proclamation. But there is no allegation that AG Paxton authored or issued the Proclamation. It is unavoidable that any alleged deprivation of Due Process effected by the Proclamation (and there was none in reality) was *not* a deprivation of due process *by AG Paxton*. Accordingly, Plaintiffs' due process claim against AG Paxton is groundless and should be dismissed.

Plaintiffs also argue about alleged violations of due process by reason of possible future actions by AG Paxton pursuant to the Texas Property Code. But those arguments make no more sense than their arguments that AG Paxton somehow deprived Plaintiffs of due process through a Proclamation he didn't author or issue. Plaintiffs do not claim they have acquired any Texas real property since the Proclamation or even that they intend to do so.[1] Plaintiffs allege no facts which could make them currently subject to any action by AG Paxton to enforce the Property Code's provisions against them. Thus, it is unavoidable that AG Paxton has *not* deprived them of any process to which they are due under the Texas Property Code.

All Plaintiffs are left with is their complaint about the Governor's Proclamation that AG Paxton did not author and their speculation that someday they *could* seek to acquire Texas property and AG Paxton *could* possibly take legal action under the Texas Property Code. Even if this string of uncertain events ever occurs, Plaintiffs cannot plausibly deny that they would then have full due process -- the opportunity to vigorously contest any such hypothetical legal action in the state and federal courts before they could be deprived of any "life, liberty, or property". Plaintiffs' due process claim against AG Paxton is without any legal merit and should be dismissed.

---

[1] Plaintiffs' assertions that they owned real property in Texas *before* the Governor's Proclamation are irrelevant. Such land cannot possibly be taken from them without due process by reason of any action of AG Paxton and they allege ne effort to do so.

For similar reasons, any due process claim by Plaintiffs against AG Paxton is not ripe for review (and certainly was not ripe for review in November 2025. Federal courts' subject matter jurisdiction extends solely to claims that *are* ripe for adjudication. A claim is not ripe when it, as in this case, hinges on a "contingent future event that may not occur as anticipated, or . . . may not occur at all." *Id.* (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). The claims against AG Paxton relating to the Texas Property Code plainly fit that description. Because Plaintiffs do not allege they intend to acquire Texas real property that is subject to investigation or enforcement action by AG Paxton under the Texas Property Code. Such an acquisition is a "contingent future event that may not occur." In its absence, any claims that presuppose such an acquisition are not ripe for adjudication and must be dismissed. Plaintiffs' due process claims fit this description.

## III. PLAINTIFFS LACK A CAUSE OF ACTION FOR THEIR PREEMPTION CLAIM.

"The Supremacy Clause is not the source of any federal rights, and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.,* 575 U.S. 320, 324 (2015) (citation modified). Instead, it simply "creates a rule of decision: [The Clause] instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so." *Id.* at 324–25. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Plaintiffs' preemption claim does not implicate a congressionally created right of action and should be dismissed accordingly.

Plaintiffs ignore these principles in their Opposition to AG Paxton's Rule 12(c) motion. They might defend an action against them under state law by invoking federal preemption of that law, but they cannot do as they attempt here: to turn "preemption" into an affirmative cause of action against a state official. Because they have no cause of action for "preemption", their preemption claim should be dismissed.

## IV. GOVERNOR ABBOTT'S PROCLAMATION IS NOT PREEMPTED

Plaintiffs argue that the Proclamation's state-level designation and sanctioning of foreign

terrorist organizations intrudes on a field fully occupied by federal regulation. Am. Compl. ¶ ¶ 56–59. But Congress simply did not say directly or indirectly that parallel state laws regarding TCOs or FTOs were preempted. Plaintiffs are just making up a conflict that has no basis in any Congressional words or actions.

Plaintiffs fall far short of stating a valid claim for field preemption. Plaintiffs have not shown that Governor Abbott's Proclamation regulates in a field in which Congress has unequivocally "ouste[d] . . . state power[.]" *See De Canas v. Bica,* 424 U.S. 351, 357 (1976). Nor have they proven, despite bringing a facial challenge, that there is "no set of circumstances . . . under which [the Proclamation] would be valid." *SO Apartments, L.L.C. v. City of San Antonio*, 109 F.4th 343, 349 (5th Cir. 2024) (characterizing a facial challenge as "the most difficult challenge to mount successfully").

All preemption cases begin with the *presumption* that federal law does *not* supersede States' exercise of their historic police powers without evidence "that [preemption] was the clear and manifest purpose of Congress." *Am. Bev. Ass'n v. Paxton,* 820 F. Supp. 3d 494, 504 (W.D. Tex. 2026) (Albright, J.) (citing *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)). Plaintiffs simply have no such evidence. Plaintiffs' preemption claim is foreclosed since they failed to demonstrate, based on federal statutory text, that Governor Abbott's Proclamation "upset[s] any purposes and objectives of Congress whatsoever." *See Zyla Life Scis., L.L.C. v. Wells Pharma of Hous., L.L.C.,* 134 F.4th 326, 338 (5th Cir. 2025). The Corut should dismiss that claim against AG Paxton.

## CONCLUSION

For the foregoing reasons, Attorney General Paxton respectfully requests that this Court grant his motion for judgment on the pleadings.

Date: August 28, 2026

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**ROB FARQUHARSON**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Attorney-in-Charge
Texas Bar No. 03281500

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov

**COUNSEL FOR ATTORNEY GENERAL KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 28, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
**DAVID BRYANT**